**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **KEYANN GLADDEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:08-cv-304 (REP)** |
| | ) | |
| | ) | |
| **NAVY FEDERAL CREDIT UNION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement ("Stipulation") is entered into this 30th day of January, 2009, by and between Defendant Navy Federal Credit Union ("Navy Federal"), and Plaintiff Keyann Gladden, in her individual and representative capacities, each of the foregoing parties acting by and through their respective counsel. By this Stipulation, subject to Court approval, Navy Federal and Plaintiff agree that this Lawsuit and the matters raised in the Lawsuit are hereby settled, compromised and dismissed, on the merits and with prejudice, on the terms and conditions set forth herein.

**RECITALS**

1.      As reflected in Plaintiff's Complaint, filed May 21, 2008, the Lawsuit was brought against Navy Federal by Plaintiff on behalf of herself and a putative nation-wide class of individuals who applied for credit with Navy Federal, were denied credit by Navy Federal, and received a letter from Navy Federal notifying them of this adverse action that provided, as the only reason for the denial, a statement that unspecified information in the applicant's credit bureau report did not meet Navy Federal's lending criteria.

2.     Plaintiff alleges that the letter notifying her and others similarly-situated of Navy Federal's adverse action on applications for credit did not comply with the requirements of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq., and its implementing regulations, because the letter failed to state with sufficient specificity the reasons for the denial of credit.

3.     Navy Federal denies all allegations of wrongdoing alleged in the Lawsuit, specifically denies all liability to the Plaintiff and the putative class members, and maintains that its actions have been lawful and proper in all respects and in compliance with the requirements of ECOA and its implementing regulations.   Navy Federal denies not only the specific allegations asserted in the Lawsuit, but also contends that it has not violated any right of the Plaintiff or other putative class members or caused anyone any actual damages.   Navy Federal has raised a number of affirmative defenses to the claims asserted in the Lawsuit and intends to continue with a vigorous defense of this litigation in the event this Stipulation is not approved by the Court.

4.     Navy Federal and the Plaintiff, on behalf of herself and the Settlement Class, negotiated and reached this Stipulation after extensive review of the underlying facts, discovery exchanges, and months of negotiations.

5.     Based upon their discovery, investigation and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiff and Class Counsel have agreed to settle the Lawsuit pursuant to the provisions of this Stipulation.   In so doing, Class Counsel have considered numerous risks of continued litigation and other factors, including but not limited to the following:

        a.     The expense and length of time necessary to prosecute the Lawsuit through a trial;

b.      the uncertainty of outcome at trial and the possibility of an appeal by either side following the trial;

c.      the possibility that a contested class might not be certified, and if certified, the possibility that such certification would be reversed on appeal;

d.      the fact that any recovery by the Settlement Class would be limited to the recovery of punitive damages, which ECOA caps at $500,000;

e.      the fact that Navy Federal would file a motion for summary judgment that, if granted, would dispose of all or many of the claims in this action;

f.      the substantial benefits being made available to Plaintiff and the Settlement Class under the terms of this Stipulation;

g.      the administrative burdens that might result for the Settlement Class under various potential outcomes;

h.      the fact that the Navy Marine Corps Relief Society provides valuable financial assistance to members of the Naval Services of the United States and their families; and

i.      the fact that a significant majority of the Settlement Class Members or their families are active or retired members of the Naval Services.

6.      Weighing the above factors, as well as all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiff and Class Counsel are satisfied that the terms and conditions of this Stipulation are fair, reasonable, adequate and in the best interests of the Plaintiff and the Settlement Class.

7.      Navy Federal expressly disclaims any liability or any wrongdoing of any kind whatsoever.  Nevertheless, Navy Federal considers it desirable that this Lawsuit be resolved upon the terms and conditions set forth in this Stipulation in order to avoid the expense, risk, uncertainty, and interference with ongoing business operations inherent in any litigation, and to put to rest and to obtain its peace, forever, from all claims that have been, or might have been,

asserted by the Plaintiff, or any member of the Settlement Class, arising out of or related to the claims asserted in the Lawsuit.

8.      This Stipulation provides for relief to the proposed Settlement Class by requiring Navy Federal to pay a total of $485,000.00, less attorneys' fees that the Court might award to Class Counsel, to the Navy-Marine Corps Relief Society (the "Relief Society") for use in providing financial assistance to members of the Navel Services of the United States, including such members who are members of Navy Federal.  Additionally, as prospective relief to the Settlement Class, Navy Federal (a) has modified its program for providing Adverse Action Notices to denied applicants similarly situated to those in the Settlement Class so that additional information regarding the reasons for denial will be provided to the member, (b) will assist, on request, members of the Settlement Class to obtain a free copy of the member's credit bureau report, and (c) will provide, on request, free counseling regarding the contents of the member's credit report and practices for developing and maintaining good credit.  This class relief is set forth in detail below.

## TERMS OF SETTLEMENT

9.      **Definitions**.  As used in this Stipulation and the annexed exhibits (which are an integral part of this Stipulation and are incorporated in their entirety by reference), the following terms and phrases have the following meanings, unless a section or subsection of this Stipulation or its exhibits provides otherwise:

a.      "Adverse Action Notice" shall refer to the notice sent to Plaintiff and each Settlement Class Member notifying the recipient that his or her application for credit with Navy Federal had been denied.

b.      "Class Counsel" shall mean Leonard Bennett, Robin Abbott and Gary Abbott of Consumer Litigation Associates, P.C., 12515 Warwick Blvd., Suite 100, Newport News, Virginia 23606.

c.      "Court" shall mean the United States District Court for the Eastern District of Virginia.

d.      "Defense Counsel" shall mean Mark Bierbower and George P. Sibley, III of Hunton & Williams LLP.

e.      "Final Approval" of this Stipulation means the last date by which all of the following have occurred:

i.      The Court has issued the Order of Final Approval of this Stipulation substantially in the form of Exhibit B attached hereto, without any modification objected to by Plaintiff or Navy Federal (any such objection must in good faith be determined to be material by the party asserting the objection), and an order dismissing with prejudice all claims against Navy Federal; and

ii.      (a) forty-two (42) days have passed from the entry of the orders referenced in 9(g)(1) of this Stipulation and either no appeal is filed; or

(b) ten (10) days have passed from final dismissal of any appeal of the orders referenced in 9(g) of this Stipulation, or final dismissal of any proceeding or denial of *certiorari* to review those orders, or final affirmance of the orders on appeal and the time for any further appeals or petitions has expired.

f.      "Final Fairness Hearing" shall mean the hearing held by the Court at which the Court will consider evidence and argument for the purposes of determining whether

the settlement in this Stipulation should be finally approved and final judgment should be entered.

g.      "Final Order" shall mean the final judgment approving this Stipulation, and dismissing with prejudice and releasing all claims in the Lawsuit against Navy Federal, to be entered by the Court pursuant to this Stipulation and incorporating the terms of this Stipulation.

h.      "Lawsuit" shall mean the action filed by Keyann Gladden in the United States District Court for the Eastern District of Virginia, styled <u>Keyann Gladden v. Navy Federal Credit Union</u>, Civil Action No. 08-cv-304 (REP).

i.      "Navy Federal" shall mean Navy Federal Credit Union, and its past and present subsidiaries, affiliated companies, parent companies, corporate predecessors, successors and assigns.

j.      "Notice Package" shall mean Exhibit C hereto, and other materials described in the definition of Settlement Notice below.

k.      "Plaintiff" shall mean Keyann Gladden.

l.      "Plaintiffs' Claims" shall mean any and all claims, demands, actions, and causes of action, of any kind or nature whatsoever, known or unknown, direct or consequential, foreseen or unforeseen, developed or undeveloped, arising under state or federal law, including but not limited to breach of contract, misrepresentation, suppression, fraud, unjust enrichment or conspiracy, that relate in any way to the content of the Adverse Action Notice that Navy Federal sent to Plaintiff or any other Settlement Class Member.

m.      "Preliminary Approval" shall mean the issuance of an order, as described in Paragraph 11 below, by the Court preliminarily approving this Stipulation, and authorizing the

distribution of the Settlement Notice to the Settlement Class Members, as described in Paragraphs 12 and 13 below.

        n.    "Released Claims" shall mean any and all claims or other matters described in Paragraph 21 below.

        o.    "Relief Payment" shall mean the amount to be paid by Navy Federal to the Relief Society, to be calculated as $485,000 less any amount that the Court awards Class Counsel as reasonable attorneys' fees.  The Relief Payment shall be made to the Relief Society with the understanding and on the condition that the Relief Society use the Relief Payment in support of its Quick Assist Loans program, which provides emergency interest-free loans to members of the Naval Services of the United States and their families.

        p.    "Settlement Class," "Settlement Class Members," or "Class Members" shall mean all individuals in the United States, including without limitation individuals who serve abroad in the Armed Forces of the United States, that applied for credit with Navy Federal, were denied credit by Navy Federal, and received a letter from Navy Federal between May 21, 2006, and January 30, 2009, advising that the credit application had been denied and identifying as the sole reason for denial the existence of unspecified information contained in the applicant's credit bureau report.  Excluded from the Settlement Class are any employees, officers, or directors of Navy Federal, any legal representatives, heirs, successors, assignees of Navy Federal, and any judge assigned to hear this action.

        q.    "Settlement Notice" shall mean the notice, in the form of Exhibit C hereto (which is incorporated herein) but which may be modified as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court, and which is to be provided to the Settlement Class Members pursuant to Paragraph 12 of this Stipulation.  The

Notice Package will include (i) the notice with the terms of the Stipulation; and (ii) an explanation of how Settlement Class Members can obtain the benefit of prospective relief awarded under this Stipulation.  Unless Plaintiff and Navy Federal agree, no other documents shall be included in the Notice Package.

r.      "Stipulation," "Agreement," or "Settlement Agreement" shall mean this Stipulation of Settlement, including the exhibits referenced herein.

10.      **Certification Of Class**.  For purposes of this Stipulation only, the parties hereto hereby stipulate to certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3).  Plaintiff, on behalf of herself and the Settlement Class, by and through Class Counsel, acknowledge and agree that, in the event this Stipulation is not given Preliminary Approval and Final Approval by the Court without material change, Navy Federal has not waived, and has expressly reserved, the right to object to and appeal class certification of any claims in this Lawsuit.  Nothing in this Stipulation may be used in any judicial or administrative proceeding respecting the propriety of class certification other than for purposes of effectuating this Stipulation.  The Court's certification of the Settlement Class is not and shall not be deemed to be the adjudication of any fact or issue for any purpose other than the accomplishment of the provisions of this Stipulation and shall not be considered as law of the case, *res judicata,* or collateral estoppel in this or any other proceeding unless the Final Order approving the terms of this Stipulation is entered and the Stipulation receives Final Approval.  In no circumstances is this Stipulation, any documents, affidavits or submissions in support of this Stipulation, or any Court order or action in this Lawsuit to be deemed an admission by Navy Federal as to the propriety of class certification for any purpose other than this Stipulation.  Whether or not the Court grants Final Approval of this Stipulation, the parties' stipulation to class certification for

purposes of this Stipulation shall not be deemed to be any stipulation as to the propriety of class certification, or any admission of law or fact regarding any request for class certification, in any other action or proceedings involving Navy Federal, whether or not involving the same or similar claims.  In the event this Stipulation is not given Final Approval by the Court for any reason, is materially modified in any fashion by the Court (including revisions to the Exhibits hereto, unless Plaintiff and Navy Federal agree to such modification), or is otherwise terminated for any reason, or if any objection to this Stipulation by a Settlement Class Member is sustained, then unless Plaintiff and Navy Federal otherwise thereafter agree: (1) this Stipulation becomes null and void; (2) any Preliminary Approval order shall be null and void and shall be vacated and thereafter no class will remain certified; and (3) this Lawsuit shall revert to its status held prior to the parties entering into such Stipulation.  Further, if the releases contained in this Stipulation are not approved without material change by the Court, Navy Federal shall have the absolute and sole discretion to immediately terminate and withdraw from this Stipulation.

11.   **Presentation Of Settlement To The Court**.  Within fourteen (14) days of executing this Stipulation, Class Counsel and Defense Counsel shall submit this Stipulation to the Court along with a proposed order in the form of Exhibit A hereto that shall (1) incorporate the terms of this Stipulation; (2) approve Plaintiff's Counsel as Class Counsel for the Settlement Class; (3) grant Preliminary Approval of this Stipulation; (4) stay all ongoing and future discovery in the Lawsuit; (5) enjoin any further actions by or on behalf of Settlement Class Members relating to the subject matter of this Stipulation; (6) approve the form and content of the Notice Package and the plan for distribution of the Notice Package and direct that the Notice Package be distributed to the Settlement Class Members in accordance with that plan of distribution; (7) set procedures for the submission of objections by Settlement Class Members;

and (8) set a Final Fairness Hearing to consider whether this Stipulation should be given Final Approval.

       12.    **Notices of Settlement**.

          a.      **To Settlement Class Members**.  Navy Federal will cause the Settlement Notice to be distributed to the Settlement Class Members as soon as practicable after Preliminary Approval, but shall take reasonable steps to ensure that the Settlement Notice is distributed such that all Settlement Notices are sent out at least sixty (60) days prior to the Final Fairness Hearing. Settlement Notice shall be transmitted via email through Navy Federal Online® to Settlement Class Members who are current Navy Federal members and have elected to participate in Navy Federal Online to have access to their accounts.  Notice to all other Settlement Class Members shall be sent by first class United States mail, with a proper return address, to the last known address of the Settlement Class Member as reflected in Navy Federal's business records.  The envelope or transmission will include the Notice Package and will not enclose unrelated materials.  Class Counsel shall have the right to monitor, at Class Counsel's own expense, compliance with the distribution program for dissemination of the Settlement Notice to the Settlement Class Members, as provided for in this Stipulation.  If any Settlement Notice is returned as undeliverable, then Navy Federal shall seek an alternative address from its member records and attempt one additional mailing if an alternative address can be found.  The parties agree that the Settlement Notice provided for in this paragraph is the best notice practicable under the circumstances, being designed to provide individual notice to all Settlement Class Members that can be identified through reasonable effort, and which will apprise them of the pendency of this Lawsuit and afford them an opportunity to present any objections to this Stipulation.

b.     **Class Action Fairness Act**.   Navy Federal shall cause notice of the proposed settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, to be served on the appropriate federal and state officials within the time period required by CAFA.   Defendants shall file with the Court a certification stating the date(s) on which the CAFA notice was sent.

13.     **Settlement Website**.   Navy Federal shall, before sending the Notice Package, establish and maintain a website devoted to the settlement of the Lawsuit pursuant to this Stipulation, and the Settlement Website shall include this Stipulation, the Settlement Notice, any order of Preliminary Approval and Final Approval, and such other text or documents relating to this Stipulation as may be mutually agreed among Class Counsel and Defense Counsel, to the extent consistent with the terms of this Stipulation.   The internet address of the Settlement Website shall be included in the Settlement Notice.   Navy Federal shall operate the Settlement Website for no less than 120 days following the date of Final Approval and shall be responsible for all expenses incurred hereby.

14.     **Procedure For Opting-Out Of Class**

a.     Any Settlement Class Member who does not wish to participate in this settlement should write to Class Counsel and Defendant's Counsel stating an intention to "opt-out" of the class.   This written notice must be received by Class Counsel and Counsel for Defendant not later than twenty-one (21) days prior to the date set for the Final Fairness Hearing.

b.     Any attempted opt-out by notice to the Clerk of the Court, the Court or any person other than the Class Counsel and Counsel for Defendant shall be of no effect.

c.     Any objector who timely submits an objection as set forth in paragraph 15

below, but does not file written notice of opting-out shall not be considered to have complied

with the terms of the opt-out procedure and shall be bound by the Stipulation if approved by the

Court.

15.     **Procedures For Presenting Objections**.  Settlement Class Members shall have

the right to appear and show cause, if they have any, why the terms of this Stipulation should not

be given Final Approval by the Court.

a.     Any objection must be filed with the Court, with a copy delivered to Class

Counsel and Defense Counsel at the addresses set out in the Notice, no later than twenty-one

(21) days prior to the Final Fairness Hearing.  Settlement Class Members may object either on

their own or through an attorney hired at their own expense.

b.     If a Settlement Class Member hires an attorney to represent him or her at

the Final Fairness Hearing, he or she must do so at his or her own expense, and the attorney must

file a written notice of appearance with the Clerk of Court no later than twenty-one (21) days

prior to the Final Fairness Hearing, identifying by name and current residence address the

Settlement Class Member(s) on whose behalf he or she will appear.  No Settlement Class

Member represented by an attorney shall be deemed to have objected to the Stipulation unless an

objection signed by the Settlement Class Member is also filed and served as provided above on

or before twenty-one (21) days prior to the Final Fairness Hearing.  Only attorneys intending to

participate in the Final Fairness Hearing or argue on behalf of objecting Settlement Class

Members must file a written notice of intention to appear.

c.     Settlement Class Members and/or their personal attorneys may obtain

access at their own expense to certain of the documents disclosed by Navy Federal through

discovery to Class Counsel in the Lawsuit, but only upon execution of a Confidentiality

Agreement requiring such Settlement Class Members (and their counsel or agents, if applicable) to maintain the confidentiality of such document and limiting use of such documents to these proceedings only.  These discovery documents shall be made available by appointment during regular business hours at the offices of Class Counsel.  Class Counsel shall promptly inform Defense Counsel of any requests by Settlement Class Members or their attorneys or other persons or entities for access to such documents, prior to providing access to such documents upon execution of a Confidentiality Agreement.

        d.      Any objection regarding or related to the Stipulation shall contain a caption or title that identifies it as "Objection to Class Settlement in Keyann Gladden v. Navy Federal Credit Union (3:08-cv-304 (REP))" and shall also contain the information sufficient to identify the objecting class member, as well as a clear and concise statement of the class member's objection, the facts supporting the objection, and the legal basis on which the objection is based.  If an objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

        16.    **Administration Of Settlement**.  Navy Federal will administer the settlement established by this Stipulation, subject to monitoring pursuant to Federal Rule of Civil Procedure 23 by Class Counsel in consultation with counsel for Navy Federal.  Navy Federal will pay all costs of providing Settlement Notice to the Settlement Class Members and all costs of administering the settlement established by this Stipulation, including but not limited to payment of the Relief Payment.  Such costs of administration to be paid by Navy Federal shall not include attorneys' fees of Class Counsel.

17.   **Identification of Eligible Application Denials**.   Navy Federal shall identify Eligible Application Denials based on its review of its records respecting applications for credit for which Adverse Action Notices were sent between May 21, 2006 and the date of this Stipulation.

18.   **The Relief Payment.**

a.   The parties stipulate and agree that the Relief Payment provides valuable indirect benefit to the class members in excess of the amount that any individual member of the Settlement Class might receive if the amount of the Relief Payment were distributed pro rata to Settlement Class members.

b.   The Relief Payment is made on the express condition that the Relief Society use the Relief Payment directly and exclusively in support of its Quick Assist Loans program, which provides valuable emergency financial assistance to members of the Naval Service and their families.

c.   Navy Federal shall use its best efforts to disburse the Relief Payment within 60 days of Final Approval.  Class Counsel shall have the right to monitor and object to Navy Federal's efforts under this provision.

19.   **Injunctive and Prospective Relief**.   As injunctive and prospective relief provided for the benefit of the Settlement Class:

a.   Within 120 days of Final Approval, Navy Federal shall certify to the court and to Class Counsel that it has modified its program for providing Adverse Action Notices to applicants denied under the circumstances that Settlement Class members were denied so that such denied applicants are informed of up to four derogatory factors in their credit bureau report

14

that affected the FICO score calculated by the credit bureau issuing the report, or otherwise affected Navy Federal's decision to deny the credit application.

b.      Navy Federal shall assist all Settlement Class members in obtaining a free copy of the member's credit bureau report.  Navy Federal shall satisfy this obligation as follows:

i.      With respect to Settlement Class members who have not requested an annual free credit report from any of the three nationwide credit reporting companies (Equifax, Experian and TransUnion) within the 12 months preceding the date of Final Approval and who request the relief described in Paragraph 19.c.ii., Navy Federal may satisfy this obligation by guiding the requesting Settlement Class member on how to obtain a free credit report pursuant to the Fair and Accurate Credit Transactions Act by posting such guidance on the Settlement Website.

ii.      With respect to Settlement Class members other than those described in Paragraph 19.b.i., Navy Federal will provide alternative instructions on the Settlement Website as to how to obtain a free copy of the member's credit bureau report.

c.      Navy Federal shall provide counseling to Settlement Class members regarding the interpretation of the member's credit bureau report obtained pursuant to Paragraph 19.b. and personal finance management.  Navy Federal shall satisfy this obligation as follows:

i.      Navy Federal will provide guidance to Settlement Class members who obtain a copy of their credit bureau report pursuant to Paragraph 19.b. by providing information on the Settlement Website concerning the interpretation of a credit bureau report.  At a minimum, Navy Federal will provide links to the Fair Isaac Corporation website's "Credit Education Center" at http://www.myfico.com/CreditEducation/CreditScores.aspx and to Navy Federal's own "Personal Finance Management" website.

15

ii.     Navy Federal will provide in the Settlement Notice and on the Settlement Website a toll free telephone number and email address through which Settlement Class Members may obtain an appointment with Navy Federal personnel for counseling concerning personal finance management and review of such member's credit bureau report, including a review of any differences between the credit bureau report obtained pursuant to Paragraph 19.b.i. and the member's credit bureau report available to Navy Federal.

d.     Settlement Class Members must request the relief specified in Paragraph 19.b.ii. and 19.c.ii. by contacting Navy Federal in the manner specified within 120 days of the date of Final Approval.  Failure to request such relief in such manner within 120 days of the date of Final Approval will result in the forfeiture of any right to such assistance created by this stipulation.

20.     **<u>Consideration For The Benefits Hereunder</u>**.  In consideration for the benefits to the Settlement Class provided hereunder:

a.     All claims alleged in this Lawsuit against Navy Federal shall be dismissed on the merits with prejudice, barring forever Plaintiff's and Settlement Class Members' Claims. Each party shall bear its own costs, except as otherwise provided herein.

b.     Plaintiff, individually and on behalf of the Settlement Class, settles, compromises, resolves, releases, waives, discharges, and terminates any and all of Plaintiff's Claims.  Upon Final Approval of this Stipulation, each and every Settlement Class Member will be deemed to have agreed to the release set forth below in Paragraph 21 and to have waived all objections thereto.

c.     The failure of any Settlement Class Member to receive prospective relief or to receive actual notice of the settlement created by this Stipulation shall not affect the

releases under this Stipulation, including, without limitation, the release of the Settlement Class Members' claims, and the Stipulation shall retain its full, binding effect.  Good faith efforts as set forth in this Stipulation to provide Settlement Notice to the Settlement Class Members shall be deemed fair and reasonable and to constitute the best notice practicable under the circumstances.  As to any Settlement Class Member who otherwise might be entitled to relief but who for any reason did not receive actual notice of this Stipulation, all rights of such Settlement Class Member to any compensation shall be extinguished by the release.

        d.     Navy Federal shall not retaliate against Plaintiff or any Settlement Class Member for participating in the Lawsuit.

        21.     **<u>Complete Release And Dismissal Of Claims</u>**.  Plaintiff, on behalf of herself and the Settlement Class, by and through Class Counsel, shall do all things necessary under this Stipulation to obtain the entry of a final judgment.  Aside from the obligations created by this Stipulation, Navy Federal shall have no further liability to any Settlement Class Member arising out of Adverse Action Notices sent to any Settlement Class Member between May 21, 2006, and January 30, 2009, or relating to any of the matters alleged in Plaintiff's original Complaint and any subsequent amendments to the Complaint, it being acknowledged that Navy Federal is forever purchasing peace from the Settlement Class from all matters arising out of or relating to Plaintiff's Claims.  The release provided is more fully described below:

        a.     Upon Final Approval, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, Plaintiff and all Settlement Class Members will be deemed to have released, remised and forever discharged all actual and potential claims, actions, rights of recovery, and causes of action of any kind, whether for damages or restitution, of any kind and in any amount, including but not limited to punitive

damages, special damages, speculative damages, statutory damages, mental anguish, emotional distress, exemplary damages, consequential damages, costs, attorneys' fees, penalties, fines, injunctive or other equitable relief, or any other relief, remedy or right of action of any kind or nature, relating in any way to the content of the Adverse Action Notices, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that: (1) arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, and occurrences that were directly alleged, asserted, described, set forth, or referred to in the Lawsuit; or (2) are, were, or could have arisen out of or been related in any way to any alleged failure to comply with any law or the terms of the ECOA; or (3) are described in the definition of Plaintiff's Claims in this Stipulation or otherwise was a claim that was asserted by Plaintiff or any Settlement Class Member in the Lawsuit; or (4) are based in whole or in part upon acts by Navy Federal which comply with the terms of this Stipulation.

      b.    With respect to the claims released in paragraph 21(a), Plaintiff and all Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any law of any state of the United States, federal law or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

      c.    All of the foregoing in this Paragraph 21 shall define the "Released Claims" for purposes of this Stipulation.

d.      The failure of any Settlement Class Member to claim or obtain any relief made available under this Stipulation shall not affect the validity, scope, or enforcement of the releases herein, and all Settlement Class Members shall remain bound by said releases.  Navy Federal shall not be required to remit any additional consideration to any Settlement Class Members following or on account of such forfeiture by any Settlement Class Member.

e.      As part and parcel of this Stipulation, all Settlement Class Members will be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 14 above, and that the Court shall retain exclusive continuing jurisdiction to enforce said injunction.

f.      Plaintiff and all Settlement Class Members hereby expressly agree that all provisions of this paragraph together and separately constitute essential terms of this Stipulation.

22.   **Attorneys' Fees and Class Representative Incentive Award**.

a.      The amount of any class representative award will be determined by the Court.  Class Counsel agrees not to seek as a class representative incentive award an amount in excess of $5,000.  Navy Federal agrees not to object to Class Counsel's application for a class representative incentive award up to $5,000, and subject to Court approval, will pay or cause to be paid a class representative incentive award up to $5,000.  Navy Federal shall pay Keyann Gladden $5,000.00 as a class representative incentive award.  This amount is in addition to, and shall not reduce, the amount to be paid to the Relief Society.

b.      The amount of any attorneys' fees will be determined by the Court.  Class Counsel agrees not to seek as fees an amount in excess of $145,500.00.  Navy Federal agrees not to object to Class Counsel's application for fees up to a maximum total of $145,500.00, and, subject to Court approval, will pay or cause to be paid such fees up to a maximum total of $145,500.00.

c.      The fees and class representative incentive award reflected in paragraph 23.a. and 23.b. represent the entire aggregate maximum total of all fees and class representative incentive award Navy Federal agrees to pay, if awarded by the Court, in connection with the settlement created by this Stipulation.  Navy Federal shall not now or in the future be required to pay any further amounts in attorneys' fees, costs, expenses and class representative incentive awards to or on behalf of the Settlement Class or any Settlement Class Members or their counsel, or anyone else, irrespective of the counsel making the application or the clients whom they represent.  Navy Federal shall not be liable to anyone for any further fees, costs, expenses or class representative incentive awards, including any claim by any other counsel or Settlement Class Member for additional fees or expenses relating in any way to the Stipulation and settlement created thereby, its administration and implementation, any appeals of orders or judgments relating the Stipulation, any objections or challenges to the Stipulation, any claims under the settlement and Stipulation, any proceedings on behalf of Settlement Class Members based on any of the claims or allegations forming the basis of the Lawsuit, or the claims released under this Stipulation and settlement.  The amount awarded by the Court is to be paid within ten (10) business days after Final Approval.  In the event the Stipulation is reversed or materially modified on appeal, Navy Federal and/or Plaintiff shall have the option to void the stipulation in its entirety.

23.     **Requests for Fees and Expenses by Other Parties**.  Class Counsel and Plaintiff agree to oppose, including on appeal, any request for attorneys' fees, expert fees, costs and/or expenses by any Settlement Class Member, objector, intervenor or proposed intervenor, or any separate counsel hired by any of the foregoing, and if any such fees, costs or expenses are awarded in excess of the amount agreed upon in Paragraph 23 above, then Navy Federal may declare this Stipulation void.

24.     **Covenants Of Class Counsel**.  Class Counsel expressly acknowledge that they will not represent any individual who is a Settlement Class Member and (1) who challenges in any way the settlement described in and established by this Stipulation; or (2) who claims at some later date that they were not bound by the terms of this Stipulation for any reason.  It is expressly acknowledged and agreed that no party will institute, participate in, or encourage any appeal from an order implementing this Stipulation; provided, however, any party has the right to appeal an order which is in any way different from the material terms of this Stipulation or which materially alters the consideration to be given by or to any party.

25.     **Final Order By The Court**.  A Final Fairness Hearing will be held before the Honorable Robert E. Payne, United States District Court for the Eastern District of Virginia, to determine whether the proposed settlement on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate, and whether a Final Order should be entered.  Any Settlement Class Member who wishes to be heard in opposition to the settlement described in this Stipulation must submit a written objection as provided in Paragraph 15 above.  The parties will jointly propose to the Court a Final Order consistent with the terms of this Stipulation.

26.     **Failure To Obtain Court Approval**.  If the Final Order with all material terms as jointly proposed by the parties is not entered, or if this Stipulation is not finally approved and

21

consummated in all material respects, or if the Final Order is reversed on appeal, or if appealed the Final Order is not affirmed in all material respects, this Stipulation shall be null and void for all purposes, at the option of Navy Federal and/or Plaintiff.  In the event that the Court certifies a class for settlement purposes other than as materially defined in this Stipulation, or in the event that the Court enters an order of settlement at variance in any material way with the terms of this Stipulation, or in the event the Final Order is materially modified on appeal, then this Stipulation shall be voidable for all purposes, at the option of the Plaintiff, Navy Federal, or both.  If the Plaintiff or Navy Federal elects to exercise this right of termination, such party must do so in writing, with copies to all counsel of record and to the Court, within ten (10) days of any such order, and any class certified shall be decertified.  In the event the class is decertified, this Stipulation and any orders or notices, and any drafts and discussions regarding this Settlement (written or oral) shall be ineffective and inadmissible in evidence for any purpose in this Action or any other, and such Stipulation shall be deemed terminated unless otherwise agreed to in writing by all parties hereto or their respective counsel.

27.     **Termination of Settlement by Navy Federal**.  Navy Federal may, in its sole discretion, withdraw from and terminate this Stipulation if more than 7.5% of the Settlement Class Members elect to exclude themselves (opt out) from the Settlement.  Should Navy Federal elect to withdraw from and terminate this Settlement pursuant to this Paragraph 28, such withdrawal and termination shall be treated as if Final Approval was not granted.

28.     **No Admission By Navy Federal**.  This Stipulation and the Court Orders effecting this Stipulation are not and shall not be a concession or admission of wrongdoing or liability by any party hereto and shall not be cited to or otherwise used or construed as an admission of any fault, omission, liability or wrongdoing on the part of any party hereto.  Neither

this Stipulation, nor the fact of settlement, nor any settlement negotiations or discussions, nor the order or judgment to be entered approving this Stipulation, nor any related document shall be deemed an admission, concession, presumption, or inference against any party to this Stipulation in a proceeding, including a proceeding challenging the validity or the reasonableness of the attorneys' fee payment, other than such a proceeding as may be necessary to consummate or enforce this Stipulation.  To the contrary, Plaintiff, on behalf of herself and the Settlement Class, by and through Class Counsel, acknowledge and agree that Navy Federal specifically disclaims and denies any liability or wrongdoing whatsoever and that Navy Federal asserts it has entered into this Stipulation solely to avoid future inconvenience and protracted costly litigation, and interference with ongoing business operations inherent in any litigation

29.    **Best Efforts**.  All parties and counsel shall use their best efforts to cause the Court to grant a Preliminary Approval Order to this Stipulation as promptly as possible and to take all steps contemplated by the Stipulation to effect the settlement created by this Stipulation on the stated terms and conditions herein and, further, to obtain Final Approval of the settlement contained in and created by this Stipulation.  Specifically, the Plaintiff and Class Counsel agree to recommend the settlement contained in this Stipulation as being in the best interests of the Settlement Class Members under the circumstances, fair, adequate and reasonable in all respects, and to oppose any objections submitted by Settlement Class Members or others.  The parties agree to cooperate in all matters incidental to this Stipulation, including postponement of hearings, further discovery, and deadlines to the extent possible.

30.    **Warranties**.  Plaintiff, by and through Class Counsel, warrant and represent to Navy Federal that they have not conveyed, pledged, transferred, hypothecated, or in any manner encumbered or assigned to any other natural person, firm, corporation, partnership, joint venture,

trust or estate, business, association, or any form of legal entity any of the claims, demands, actions, or causes of actions described in this Stipulation.  Counsel for the parties warrant that this Stipulation has been entered into in good faith following extensive negotiations and that no conflicts of interest exist on their part.

31.     **Binding Effect Of Stipulation**.  This Stipulation shall be binding upon and inure to the benefit of the parties to this Stipulation, Class Counsel, and the Settlement Class Members, and their respective heirs, predecessors, successors and assigns.

32.     **Continuing Jurisdiction.**  Without affecting the finality of any Final Approval order, the Court shall retain continuing jurisdiction over the Lawsuit, Navy Federal, Plaintiff and the Settlement Class Members, and the administration and enforcement of this Stipulation, for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Stipulation, any Preliminary Approval Order and Final Order, and hearing and determining an application by Class Counsel for an award of attorneys' fees and reimbursement of costs and expenses and for an incentive award to the Plaintiff.  Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of this Stipulation shall be presented by motion to the Court.  The parties shall use best efforts to ensure that any such dispute or challenge is brought before, or transferred to, the Court.

33.     **Publicity**.  Plaintiff and Class Counsel shall not issue a press release or hold a press conference with respect to this settlement, except as set forth herein.  Class Counsel shall prepare a statement, the content of which must be approved by Navy Federal, that may be released to interested press outlets.  To the extent allowed under applicable Rules of Professional Responsibility, Plaintiff and Class Counsel further agree to destroy all documents produced by Navy Federal in connection with this litigation within 6 months following Final Approval.

34.   **Headings**.   The headings used in this Stipulation are for the purposes of convenience and do not constitute part of the Stipulation, and no heading shall be used to help construe the meaning of the Stipulation.

35.   **Entire Agreement**.   The foregoing constitutes the entire agreement between the parties with respect to the subject matter hereof and may not be modified or amended except in writing signed by all parties hereto.   To the extent that this Stipulation differs in any manner whatsoever from prior written or oral agreements regarding the subject matter hereof, the terms and conditions of this Stipulation shall control.   The determination of the terms of, and the drafting of, this Stipulation has been by mutual agreement after negotiation, with consideration by, and participation of, all parties hereto.

36.   **Miscellaneous**.   The parties may execute this Stipulation in counterparts, and execution of counterparts shall have the same force and effect as if all parties had signed the same instrument.

37.   **No Waiver**.   The waiver by one party of any provision or breach of this Stipulation shall not be deemed a waiver of any other provision or breach of this Stipulation.

38.   **Governing Law.**   This Stipulation was negotiated and executed in Virginia.   The contractual terms of this Stipulation, and all matters appurtenant thereto, shall be interpreted and enforced in accordance with the substantive law of the Commonwealth of Virginia.

39.   **Mutual Interpretation.**   Navy Federal and the Plaintiff, in its individual and representative capacities, by and through Class Counsel, agree and stipulate that this Stipulation was negotiated and drafted jointly by Class Counsel and Defense Counsel.   Accordingly, no ambiguity shall be construed in favor of or against any of the parties on the basis of being the drafter.

25

40.  **Severability.**  In the event any one or more of the provisions contained in this Stipulation shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if Navy Federal, Plaintiff, Class Counsel and Defense Counsel mutually elect, by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Stipulation.

41.  **No Representations as to Tax Consequences.**  No opinion concerning the tax consequences, if any, of this Stipulation or any benefits provided hereunder to individual Settlement Class Members is being given or will be given by Navy Federal, Plaintiff, Class Counsel, or Defense Counsel.  Each Settlement Class Member shall be solely responsible for determining and satisfying his, her or its own tax obligations as a result of and in relation to this Stipulation and any benefits received pursuant to this Stipulation.

42.  **Use of the Stipulation by Navy Federal in Subsequent Actions.**  To the extent permitted by law, this Stipulation may be introduced and pleaded by Navy Federal as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted by the Plaintiff or any Settlement Class Member in breach of this Stipulation.

43.  **Return of Confidential Information and Other Discovery.**  Class Counsel, on behalf of themselves and their expert witness and consultants, as well as others retained by them, acknowledge that during the course of the Lawsuit, they have received confidential information of Navy Federal that is protected by the protective order entered by the Court in the Lawsuit.  No later than 60 days after Final Approval, Class Counsel will return to Navy Federal all Confidential Information and will certify that they and their expert witnesses and consultants do

not retain any copies, summaries, compilations or indices of such information. Within the same time period, Class Counsel will identify for Defendants any expert witnesses, outside consultants, and any other individuals or entities to whom such confidential information was given, and will advise those persons of this requirement and will ensure their compliance with it. This provision is not intended to cover work product of Class Counsel but is intended to cover confidential information that might be attached to any work product. Class Counsel also will not use any of the confidential information learned or obtained in the litigation for any purpose after the Effective Date.

IN WITNESS WHEREOF, the Settling Parties have caused this Agreement to be executed by their duly authorized attorneys or representatives as of the date below.

Dated this 30th day of January, 2009

By: _____
     On behalf of Defendant Navy Federal Credit Union


By: _____
     On behalf of Plaintiff and the Settlement Class