UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **KEYANN GLADDEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 3:08-cv-304 (REP) |
| | ) |
| | ) |
| **NAVY FEDERAL CREDIT UNION,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER GRANTING PRELIMINARY APPROVAL
TO PROPOSED CLASS SETTLEMENT

The Parties to the above-captioned action have submitted a Joint Motion for entry of an Order determining certain matters in connection with the proposed settlement of this class action, pursuant to the terms of the Stipulation of Settlement reached by the Parties and presented to the Court for approval (hereinafter, the "Stipulation"). After consideration of the Stipulation and the exhibits annexed thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. **Defined Terms**: This Court adopts the defined terms set forth in the Stipulation for purposes of this Order, unless otherwise specified herein.

2. **Preliminary Approval of Settlement**: The terms of the Stipulation are **preliminarily approved,** subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the proposed Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing and the circulation of the Notice to the Settlement Class, each as provided

-2-

for in this Order.

3. **<u>Conditional Certification for Settlement Purposes</u>**: For purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Settlement Class is conditionally certified as follows:

> all individuals in the United States, including without limitation individuals who serve abroad in the Armed Forces of the United States, that applied for credit with Navy Federal, were denied credit by Navy Federal, and received a letter from Navy Federal between May 21, 2006, and January 30, 2009, advising that the credit application had been denied and identifying as the sole reason for denial the existence of unspecified information contained in the applicant's credit bureau report. Excluded from the Settlement Class are any employees, officers, or directors of Navy Federal, any legal representatives, heirs, successors, assignees of Navy Federal, and any judge assigned to hear this action.

Keyann Gladden is conditionally certified as representative of the Settlement Class defined above. This conditional certification of the Settlement Class and Settlement Class representative is solely for purposes of effectuating the proposed Settlement. If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Settlement Class representative shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted but for the Stipulation.

Based on the Court's review of the Joint Motion and supporting materials, the Court conditionally finds that the proposed Settlement Class satisfies Rule 23 of the Federal Rules of Civil Procedure in that:

> a. The Settlement Class, which consists of thousands of individuals, is so numerous that joinder of all Persons who fall within the Settlement Class definition is impracticable;

  b. The commonality requirement is satisfied where members of the Settlement Class share at least one common legal or factual issue. Here, there are questions of law common to the Settlement Class, including allegations under Plaintiff's ECOA claims. There are also questions of fact common to the Settlement Class, including certain factual questions related to Navy Federal's ECOA adverse action notice program;

  c. The claims of the Settlement Class representative are typical of the claims of the Settlement Class; and

  d. The Settlement Class representative will fairly and adequately protect the interests of the Settlement Class and is represented by qualified counsel who are competent to represent the Settlement Class.

 The Court further conditionally finds that the proposed Settlement Class satisfies Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation. Amchem Prods. Inc. v. Windsor, 117 S. Ct. 2231, 2240 (1997).

 4. **Fairness Hearing**: A Fairness Hearing shall take place before the undersigned, The Honorable Robert E. Payne, at _____, on _____ to determine:

  a. whether the Court should certify the Settlement Class and whether the Settlement Class Representative and Class Counsel have adequately represented the Settlement Class;

  b. whether the proposed Settlement, on the terms and conditions provided for

in the Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

    c.    whether the Released Claims of the Settlement Class Members in this litigation should be dismissed on the merits and with prejudice;

    d.    whether the application for attorneys' fees, costs, expenses and Class Representative incentive award submitted by Class Counsel should be approved; and

    e.    such other matters as the Court may deem necessary or appropriate.

5.    **<u>Approval with Modifications</u>**:  The Court may finally approve the proposed Stipulation at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the Settlement Class.

6.    **<u>Right to Appear and Object</u>**:  Any putative Settlement Class Member who has not timely and properly provided notice of an election to Opt Out of the Settlement Class and the proposed Settlement in the manner set forth below may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matter to be considered at the hearing, provided, however, that no putative Settlement Class Member who or which has elected to Opt Out from the Settlement shall be entitled to object; and provided further that no person shall be heard, and no papers, briefs or other submissions shall be considered by the Court in connection with its consideration of those matters, unless such person complies with the following:

    a.    Any objection must be filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set out in the Notice, no later than twenty-one (21) days prior to the Final Fairness Hearing.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.

b. If a Settlement Class Member hires an attorney to represent him or her at the Final Fairness Hearing, he or she must do so at his or her own expense and the attorney must file a written notice of appearance with the Clerk of Court no later than twenty-one (21) days prior to the Final Fairness Hearing, identifying by name and current residence address the Settlement Class Member(s) on whose behalf he or she will appear. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Settlement Class Member is also filed and served as provided above on or before twenty-one (21) days prior to the Final Fairness Hearing. Only attorneys intending to participate in the Final Fairness Hearing or argue on behalf of objecting Settlement Class Members must file a written notice of intention to appear.

c. Any objection regarding or related to the Stipulation shall contain a caption or title that identifies it as "Objection to Class Settlement in Keyann Gladden v. Navy Federal Credit Union (3:08-cv-304 (REP))" and shall also contain the following information: (a) the objecting party's full name, Navy Federal member number, address, and telephone number and the original signature of the individual objecting; (b) a copy of the Settlement Class Member's Adverse Action Notice; (c) if the objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear; (d) a certification that the objecting party is a member of the Settlement Class; (e) a statement of each objection asserted; (f) a detailed description of the facts underlying each such objection; (g) a detailed description of the legal authorities, if any, supporting each such objection; (h) any exhibits and/or affidavits the objecting

party may wish to offer in support of any objection or in opposition to the proposed settlement; (i) a list of other cases in which the Settlement Class Member has appeared as a settlement objector (and, if represented by any attorneys in connection with such objection, in which those attorneys have appeared as counsel for objectors) in the preceding ten (10) years; and (j) if the objecting party is being represented by an attorney or attorneys in connection with the objection, the signature of each of the objecting party's attorneys below a statement that "No other attorney has a financial interest, either directly or indirectly, in the representation of this objecting party."

        d.      No Settlement Class Member shall be heard, no papers, briefs, or pleadings submitted by any such Settlement Class Member shall be received and considered by the Court, and no testimony of witnesses offered by the Settlement Class Member shall be allowed at the Final Fairness Hearing, unless the Court, Leonard Bennett (as counsel for Plaintiff), and George P. Sibley, III (as counsel for Navy Federal) receive the Settlement Class Member's written and signed objection at least twenty-one (21) days prior to the Final Fairness Hearing. Settlement Class Members who fail to submit objections in strict compliance with the foregoing procedures and by the established deadline shall be deemed to have waived all objections to the Stipulation and settlement, shall be deemed to have consented to the exercise of jurisdiction by the Court over all aspects of this Stipulation, and forever be barred from making any objections in this Lawsuit or in any other action or proceeding to the Stipulation, Settlement Notice and means of distribution thereof, and settlement process established by this Stipulation.

 7.     **Notice**. The Notice substantially in the form of Exhibit C to the Stipulation is hereby approved. The costs of providing Notice shall be paid as set forth in the Stipulation, and

the Notice shall be delivered to Class Members as set forth in the Stipulation.  The Court finds that the form and method of providing notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Stipulation under Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

8.  **Ability of Class Members to Opt Out**.  All putative Settlement Class Members who wish to opt out of the Settlement Class must do so by sending a written request for exclusion to Class Counsel and Defense Counsel by first class mail as outlined in the Notice, signed by the putative Settlement Class Member and providing all required information.  To be considered timely, and thereby effectively exclude a person from the Settlement Class, the envelope delivering a completed Opt Out request must be postmarked no later than _____ (the "Opt Out Deadline").  At the Fairness Hearing, Class Counsel and Defense Counsel shall file an Affidavit or Declaration with the Clerk of the Court attaching a final list of those Opt Out requests filed by the Opt Out deadline.

Any putative Settlement Class Member that does not properly and timely request exclusion from the Settlement Class shall be included in such Settlement Class and, if the proposed Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Stipulation, including but not limited to the releases, waivers and covenants not to sue described therein, whether or not such person shall have objected to the Settlement and whether or not such person makes a claim upon, or participates in, the Settlement consideration to be provided under the Stipulation.

9.  **Administration of Settlement**:  The Court approves the Parties' proposal to that Navy Federal administer the settlement established by the Stipulation.

10.  **Class Counsel**.  The Court appoints and designates Leonard Bennett, Robin

-8-

Abbott and Gary Abbott of Consumer Litigation Associates, P.C., 12515 Warwick Blvd., Suite 100, Newport News, Virginia 23606 as Class Counsel.

11. **Appearance by Settlement Class Member**. Any Settlement Class Member may enter an appearance in this litigation, at his, her or its own expense, individually or through counsel if his, her or its own choice, in connection with paragraph 6 above, or otherwise. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

12. **No discovery of settlement materials**. No discovery with regard to the proposed Settlement or the Stipulation shall be permitted as to any of the Settling Parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery.

13. **Discovery.** All discovery in this Lawsuit is hereby stayed pending a decision on final approval of the Stipulation.

14. **No Admission**. Neither the Settlement nor the Stipulation shall constitute an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Lawsuit, or of any wrongdoing, liability or violation by Navy Federal, which vigorously denies all of the claims and allegations raised in the Lawsuit.

It is so ORDERED.

Date: _____
Richmond, Virginia

                                                       _____
                                                       Hon. Robert E. Payne
                                                     United States District Judge