# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

### Richmond Division

| | | |
|---|---|---|
| **KEYANN GLADDEN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil No. 3:08-cv-304 (REP)** |
| | ) | |
| **NAVY FEDERAL CREDIT UNION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## <u>AFFIDAVIT OF SUSAN BROOKS</u>

I, Susan Brooks, who being duly sworn according to law, does hereby depose and state that the following is true to the best of my knowledge, information and belief:

1.      I am over 18 years of age, and I have personal knowledge of the facts stated in this affidavit.

2.      I am currently the Assistant Vice President for Contact Center Operations for Navy Federal Credit Union ("Navy Federal").  Before becoming the Assistant Vice President for

Contact Center Operations for Navy Federal on March 23, 2009, I was the Assistant Vice President for Consumer Lending of Navy Federal from January 15, 2006, to March 20, 2009. In both capacities, I had direct responsibility for the dissemination of the court-approved Notice of the class settlement in the above-styled matter to all members of the putative class.

3.      The Notice was transmitted to the putative class members in this action, all of whom are current or former members of Navy Federal, in one of two potential manners.

4.      First, as to the 172,304 members of the putative settlement class who are currently active Navy Federal members and have agreed to accept correspondence from Navy Federal electronically through Navy Federal Online, the Notice was placed in the ordinary messages tab of the facing page of the account access where all account messages initiated by Navy Federal are ordinarily transmitted. A print-out of the message transmitted electronically to these class members is attached hereto as Exhibit 1.

5.      Second, as to the 15,220 members of the putative settlement class who are no longer members of Navy Federal or who, though still active members with Navy Federal, have not agreed to accept correspondence from Navy Federal electronically through Navy Federal Online, the Notice was transmitted by first class U.S. Mail to their address of record with Navy Federal. The copy of the Notice transmitted to these class members is attached hereto as Exhibit 2.

6.      Of the 172,304 Notices transmitted electronically through Navy Federal Online, none were returned or rejected in the electronic system. Of the 15,220 Notices physically mailed, only 277 were returned to Navy Federal undeliverable. To my knowledge, these are the only members of the putative settlement class as to whom Navy Federal was unable to confirm delivery of the Notice.

7.     As part of sending the process of disseminating information concerning the class settlement of this action, Navy Federal created a website (http://www.navyfederal.org/casesettlement/) where information concerning the settlement, including relief offered under the settlement, can be reviewed by putative class members.  Navy Federal also established a toll-free telephone number where members of the putative class could obtain information concerning the settlement.  To date Navy Federal has received 642 calls to the toll free number and the settlement website has been viewed 31 times.

FURTHER AFFIANT SAYETH NOT.

_____
Susan Brooks

The foregoing instrument was acknowledged before me on this _____ day of May 2009 for Navy Federal Credit Union.

_____
Notary Public

My commission expires: 10/31/2010

Registration # 7052730

Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KEYANN GLADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:08-cv-304 (REP) |
| | ) |
| | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT, FINAL FAIRNESS HEARING AND RIGHT TO APPEAR

*YOU ARE NOT BEING SUED.   THIS IS NOT AN ATTORNEY'S SOLICITATION.*

**This notice is sent to you because the records of Navy Federal Credit Union show that it received a credit application from you between May 21, 2006 and January 30, 2009, and Navy Federal denied that application – either directly or through a car dealer.  In its denial letter to you, Navy Federal stated as the only reason for the denial that unspecified information in your credit bureau report did not meet Navy Federal's lending criteria.  The Plaintiff in this case sued alleging that this violated a Federal law – the Equal Credit Opportunity Act.  Navy Federal denied that it violated the law and is prepared to defend the content of its denial letter.  To avoid the expense and uncertainty of litigation, the parties then reached a proposed settlement of all such claims, including yours.  This notice tells you what rights and options you have in this matter.**

*PLEASE READ THIS NOTICE CAREFULLY, AS YOU ARE A CLASS MEMBER IN A LAWSUIT AND YOUR LEGAL RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT. THIS NOTICE ADVISES YOU OF IMPORTANT FACTS REGARDING A PROPOSED CLASS ACTION SETTLEMENT BETWEEN YOU AND OTHER MEMBERS, ON THE ONE HAND, AND NAVY FEDERAL ON THE OTHER HAND. THIS NOTICE EXPLAINS THE SETTLEMENT AND ADVISES YOU OF YOUR RIGHTS WITH RESPECT TO THE SETTLEMENT. THE STATEMENTS MADE IN THIS NOTICE ARE NOT FINDINGS OF THE COURT.*

## WHAT THIS NOTICE PACKAGE CONTAINS

*CAPITALIZED WORDS AND PHRASES IN THIS NOTICE PACKAGE INDICATE TERMS THAT ARE SPECIALLY DEFINED IN THE STIPULATION OF SETTLEMENT, WHICH IS AVAILABLE AT WWW.NAVYFEDERAL.ORG/CASESETTLEMENT/.*

**I.   BASIC INFORMATION**                                                                    **PAGE**

    1. Summary                                                                          3
    2. What is this Lawsuit about?                                                      3
    3. Why is this a class action?                                                     3
    4. Why did you receive this Notice Package?                                        3
    5. What is the status of the Lawsuit?                                              3
    6. Will you have to give up anything if the Stipulation is given Final Approval?   4

**II.   SETTLEMENT BENEFITS**

    7. What relief will be provided under the Stipulation?                             4
    8. Who will pay the costs of implementing and administering the Stipulation?        5
    9. How and when will the relief offered under the Stipulation be provided?          5

**III.   LEGAL EFFECT OF THE SETTLEMENT**

    10. What am I giving up as part of the settlement?                                 5
    11. Can the parties change the terms of the settlement?                            6
    12. Does the Stipulation have any current legal effect?                            6

**IV.   YOUR LEGAL RIGHTS AND OPTIONS**

    13. What are your options as to the Stipulation?                                   6
    14. If the Stipulation is given Final Approval, what must you do to receive relief? 6
    15. What if you want to object to the proposed Stipulation?                        7
    16. What if you want to exclude yourself from the settlement?                      8

**V.   THE COURT'S FINAL FAIRNESS HEARING**

    17. Will there be a Court hearing about the Stipulation?                           8

**VI.   COUNSEL REPRESENTING SETTLEMENT CLASS MEMBERS**

    18. Who are the attorneys representing Settlement Class Members?                   8
    19. How will counsel for Settlement Class Members be paid?                         8
    20. Do you need to hire your own attorney in connection with the Stipulation?      9

**VII.   GETTING MORE INFORMATION**

    21. Where can you get additional information?                                      9

**APPENDIX A** ---- Release                                                             10
**APPENDIX B** ---- Summary Of Your Legal Rights And Options In This Settlement          12

# I. BASIC INFORMATION

## 1.     Summary

This is a proposed settlement in a class action lawsuit that could affect your rights.  Under this proposed settlement, neither you nor other class members will receive a cash payment.

## 2.     What is this Lawsuit about?

This Lawsuit concerns the content of the notice that Navy Federal provides to individuals who apply for credit with Navy Federal and are denied.  Under the federal Equal Credit Opportunity Act ("ECOA"), Navy Federal is required to provide a declined credit applicant a statement of the specific reasons for the denial.  The Plaintiff in this lawsuit applied for credit with Navy Federal and Navy Federal denied her application.  Navy Federal sent her an Adverse Action Notice that stated that the reason for the denial was the existence of unspecified information in her credit bureau report.  Plaintiff contends that Navy Federal violated ECOA by failing to identify with sufficient specificity the reason for the denial.

Navy Federal denies the allegations made against it.  Navy Federal also maintains that it has fully complied with all requirements of ECOA and provided Plaintiff with an Adverse Action Notice containing numerous avenues to obtain the specific reasons for the denial of her application, including a free copy of her credit bureau report, a toll-free number to contact Navy Federal to obtain a full explanation of the decision, and a website link to obtain free credit counseling upon request.

## 3.     Why is this a Class Action?

In a class action, one or more persons or entities like you, called Class Representatives, sue on behalf of people who have similar claims.  All these people are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4.     Why did you receive this Notice Package?

You have received this Notice Package because Navy Federal's records indicate that you applied for consumer credit or credit cards with Navy Federal, either directly or through a car dealer, your application was denied, and Navy Federal sent you a letter between May 21, 2006, and January 30, 2009, stating as the only reason for denial the existence of unspecified information in your credit bureau report.  This makes you a member of the Settlement Class.

Under the Federal Rules of Civil Procedure and the Court's February 11, 2009 Order, the parties to the Stipulation are required to send this Notice Package.

If the Stipulation is given Final Approval, you and the other members of the Settlement Class will *automatically* receive certain prospective relief, but you and other members of the Settlement Class must take additional action to receive all of the prospective relief afforded by the Stipulation.  The relief offered under the Stipulation is described in detail below.  For a complete understanding of the Stipulation and its terms and requirements, you are encouraged to review a full copy of the Stipulation itself, a copy of which is available on the website created by the parties in this case: www.navyfederal.org/casesettlement/.

## 5.     What is the status of the Lawsuit?

The Plaintiff filed this Lawsuit on May 21, 2008.  Following litigation and discovery proceedings, Plaintiff and Navy Federal began good-faith attempts to negotiate a settlement.  Plaintiff and Navy

Federal reached an agreement and signed the Stipulation on January 30, 2009, which they presented to the Court for preliminary approval. The Court preliminarily approved the Stipulation on February 11, 2009. A Final Fairness Hearing has been set by the Court to consider whether to give Final Approval to the Stipulation.

If the Stipulation is given Final Approval, the Court will not make any determination as to the merits of the Plaintiffs' claims against Navy Federal, or Navy Federal's defenses to those claims. Instead, the Lawsuit would be dismissed with prejudice, and the Stipulation would take effect. This Notice Package does not imply that there has been or would be any finding of violation of the law or that any relief or recovery would be awarded against Navy Federal if the claims against it were not settled. Nor does this Notice Package imply whether Navy Federal could have successfully defended the claims. Both sides have agreed to the Stipulation to achieve an early and certain resolution and to provide specific and valuable benefits to Settlement Class Members.

## 6.      Will you have to give up anything if the Stipulation is given Final Approval?

If the Stipulation is given Final Approval, you and all the other Settlement Class Members will release certain claims defined in the Stipulation as "Released Claims." In general terms, Settlement Class Members will each release all of their claims against Navy Federal, and its affiliated persons and entities, that are related to the content of the Adverse Action Notice Navy Federal sent to you upon declining your application for credit. If the Stipulation is given Final Approval, the claims that were or could have been asserted against Navy Federal or its affiliated persons and entities in the Lawsuit will also be dismissed with prejudice. The scope and effect of the Release and dismissals provided for by the Stipulation are further discussed in Paragraph 11. A complete copy of the Release itself is attached as Appendix A hereto. A complete copy of the Stipulation is available at www.navyfederal.org/casesettlement/.

## II. SETTLEMENT BENEFITS

## *PLEASE READ AND KEEP FOR YOUR RECORDS THE "SUMMARY OF YOUR RIGHTS" PAGE AT THE END OF THIS NOTICE.*

## 7.      What relief will be provided under the Stipulation?

Because the recovery under the Equal Credit Opportunity Act is limited, there is a limited amount of money that is available under this settlement. Payment to each class member would otherwise be less than $1.00 per class member after additional bank and mailing costs. The parties, with the intervention of a Magistrate Judge and with the preliminary approval of the Court, have agreed to direct the limited monetary relief into a *Cy Pres* award to benefit the class through the Navy Marine Corps Relief Society. This charitable organization will use the amount of the award, approximately $350,000.00, to fund small emergency loans for Navy and Marine service members and their families.

The Stipulation also offers Settlement Class Members both prospective and retroactive relief for the claims made in the Lawsuit. If given Final Approval, the Stipulation will provide all Settlement Class Members with prospective relief, in the form of an injunction, under which (a) Navy Federal shall certify that it has modified its program for providing Adverse Action Notices to applicants denied under the circumstances that Settlement Class members were denied so that such denied applicants are informed of up to four derogatory factors in their credit bureau report that affected the FICO score calculated by the credit bureau issuing the report, or otherwise affecting Navy Federal's decision to deny the credit application; (b) Navy Federal shall assist such Settlement Class member in obtaining a free copy of the member's credit bureau report; and (c) if requested by any member of the Settlement Class within 120 days of Final Approval, Navy Federal shall provide assistance in reviewing the member's credit bureau report as well as personal finance management counseling.

4

Finally, as described below, Navy Federal will pay certain additional amounts — the amount awarded to cover attorneys' fees and expenses for Class Counsel, the amount awarded to Plaintiff as a class representative incentive award, and the amount required to cover all administrative costs associated with administering the Stipulation (including the costs of providing this Notice Package to you)..

The United States District Court for the Eastern District of Virginia will retain exclusive continuing jurisdiction over all aspects of the Stipulation, the settlement created thereby, and the orders the Court issues.  It is your responsibility to monitor further developments in the Lawsuit.  Any changes to the Stipulation will be posted to the Settlement Website (located at www.navyfederal.org/casesettlement/) but no other form of additional notice of any such changes will be provided.  In addition, other important information concerning your rights under the Stipulation will be posted on the Settlement Website.

## 8.     Who will pay the costs of implementing and administering the Stipulation?

Navy Federal has agreed to pay all costs of implementing and administering the Stipulation, including the costs of printing and mailing, or for those who have elected to receive account statements via Navy Federal Online®, electronically transmitting, this Notice Package and setting up the Settlement Web site and e-mail address identified in this Notice Package for Settlement Class Members' questions. Payment of these costs will be in addition to the amounts that Navy Federal must pay as the Relief Payment under the Stipulation.

## 9.     How and when will the relief offered under the Stipulation be provided?

If Final Approval is given to the Stipulation, Navy Federal will make the Relief Payment to the Navy Marine Corps Relief Society within 60 days of Final Approval and provide the prospective relief described in Paragraph 19(a) of the Stipulation within 120 days of Final Approval.  You will have 120 days to request the additional prospective relief described in Paragraphs 19(b) and 19(c) of the Stipulation.

## III. LEGAL EFFECT OF THE SETTLEMENT

## 10.    What Am I Giving Up As Part Of The Settlement?

If the settlement becomes final, Class Members will be releasing the Defendant for all the claims described and identified in the Stipulation.  The Stipulation describes the released claims with specific descriptions, in necessarily accurate legal terminology, so read it carefully.  If the Court gives Final Approval to the Stipulation, the parties will seek entry of a Final Order and accompanying judgment that, among other things, will:

- Certify the Settlement Class for settlement purposes;
- Dismiss the Lawsuit with prejudice, meaning that no Settlement Class Member will be able to bring another lawsuit against Navy Federal based upon the claims that have been raised or that could have been raised in this Lawsuit, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 16, below;
- Incorporate the Release as part of the Final Order and accompanying judgment; and
- Permanently bar Settlement Class Members from filing or participating in any lawsuit or other legal action against Navy Federal arising from or relating to any and all claims that have been raised or that could have been raised in this Lawsuit, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 16, below.

If the Court gives Final Approval to the Stipulation, the Release reproduced as Appendix A hereto will be incorporated into the Court's Final Order and accompanying judgment, and all "Released Claims" as defined in the Stipulation will be deemed released effective as of the date of the Court's Final Order.  The

Stipulation fully describes the claims that Settlement Class Members will give up. The full text of the Stipulation (and the text of the Release and certain relevant definitions) can be found at www.navyfederal.org/casesettlement/. **YOU ARE ENCOURAGED TO REVIEW CAREFULLY THE FULL STIPULATION CONTAINED ON THIS WEB SITE, INCLUDING THE TERMS AND SCOPE OF THE RELEASE (REPRODUCED FROM THE STIPULATION AS APPENDIX A).**

## 11.    Can the parties change the terms of the settlement?

If the Stipulation is given Final Approval, thereafter Plaintiff and Navy Federal will not be able to change the terms of the Stipulation without further Court approval.

## 12.    Does the Stipulation have any current legal effect?

Pending the Court's decision on whether to grant Final Approval to the Stipulation, the Court has conditionally certified the settlement class as follows:

> **All individuals who applied for consumer credit products or credit cards from Navy Federal Credit Union, whose applications were denied and who received notice from Navy Federal Credit Union between May 21, 2006, and January 30, 2009, stating as the only reason for the denial of the credit application the existence of unspecified information in the member's credit bureau report**

Keyann Gladden is conditionally certified as representative of the Settlement Class defined above. This conditional certification of the Settlement Class and Settlement Class representative is solely for purposes of effectuating the proposed Settlement. If the Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Settlement Class representative shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Agreement might have asserted but for the Agreement.

## IV. YOUR LEGAL RIGHTS AND OPTIONS

## 13.    What are your options as to the Stipulation?

If you are within the definition of Settlement Class Member described in Paragraph 3, you will automatically be a Settlement Class Member upon final approval of the Stipulation by the Court. If Final Approval occurs, you will not need to do anything to receive certain of the relief offered under the Stipulation.

You may object to any aspect of the Court's exercise of jurisdiction in this matter, or to any aspect or term of the Stipulation. The procedures for objecting to the Stipulation are described in Paragraph 16. Whether or not you submit an objection to the Stipulation, if the Court gives Final Approval to the Stipulation you will remain a member of the Settlement Class, you will be entitled to receive the relief offered under the Stipulation, and you will be bound by all aspects of the Stipulation and the Release contained therein.

## 14.    If the Stipulation is given Final Approval, what must you do to receive relief?

Upon Final Approval, all Settlement Class Members will be entitled to receive the relief described in Paragraph 6. All Settlement Class Members will automatically receive the benefit of the prospective injunctive relief offered under Paragraph 19(a) of the Stipulation and the indirect benefit of Navy Federal's payment of money to the Navy Marine Corps Relief Society in an amount to be calculated in

accordance with the Paragraph 9(o) of the Stipulation. ***TO RECEIVE THE PROSPECTIVE RELIEF DESCRIBED IN PARAGRAPH 19(B) AND (C) OF THE STIPULATION, YOU MUST VISIT THE SETTLEMENT WEBSITE. IF YOU DO NOT CONTACT NAVY FEDERAL WITHIN 120 DAYS OF FINAL APPROVAL AND REQUEST THE RELIEF OFFERED IN PARAGRAPH 19(B) AND (C) OF THE STIPULATION, YOU MAY FORFEIT YOUR RIGHT TO THAT RELIEF.***

## 15.    What if you want to object to the proposed Stipulation?

If you are a Settlement Class Member (as described in Paragraph 3), you may object to any aspect of this case, any order heretofore entered by the Court, or any term of the Stipulation. Such objection must be in writing and must provide evidence of your membership in the Settlement Class. The procedures for submitting written objections are set forth below. ***A written objection (and any support for it) must be received*** by the Court and by the following attorneys no later than May 15, 2009:

**For the Court:**
Clerk of the Court
United States District Court for the
Eastern District of Virginia
701 E. Broad St.
Richmond, Virginia 23219

**For Plaintiffs and the Settlement Class:**
Leonard Bennett
Robin Abbott
Gary Abbott
Consumer Litigation Associates
12515 Warwick Blvd., Suite 100
Newport News, Virginia 23606

**For Navy Federal:**
George P. Sibley, III
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, Virginia 23219

If you hire an attorney in connection with making an objection, that attorney must file with the Court and serve on the counsel identified above a notice of appearance. ***The notice of appearance must be received*** by the Court and the attorneys identified above, no later than the objection deadline. Any objection must be filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set out in the Notice, no later than thirty (30) days prior to the Final Fairness Hearing. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

If a Settlement Class Member hires an attorney to represent him or her at the Final Fairness Hearing, he or she must do so at his or her own expense and the attorney must file a written notice of appearance with the Clerk of Court no later than thirty (30) days prior to the Final Fairness Hearing, identifying by name and current residence address the Settlement Class Member(s) on whose behalf he or she will appear. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Settlement Class Member is also filed and served as provided above on or before thirty (30) days prior to the Final Fairness Hearing. Only attorneys intending to participate in the Final Fairness Hearing or argue on behalf of objecting Settlement Class Members must file a written notice of intention to appear.

Any objection regarding or related to the Stipulation shall contain a caption or title that identifies it as "Objection to Class Settlement in Keyann Gladden v. Navy Federal Credit Union (3:08-cv-304

(REP))" and shall also contain the information sufficient to identify the objecting class member, as well as a clear and concise statement of the class member's objection, the facts supporting the objection, and the legal basis on which the objection is based.  If an objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

### 16.    What if you want to exclude yourself from the settlement?

Any Settlement Class Member who does not wish to participate in this settlement should write to Class Counsel and Defendant's Counsel stating an intention to "opt-out" of the class.  This written notice must be received by Class Counsel and Counsel for Defendant not later than thirty (30) days prior to the date set for the Final Fairness Hearing.  Any attempted opt-out by notice to the Clerk of the Court, the Court or any person other than the Class Counsel and Counsel for Defendant shall be of no effect.  Any objector who timely submits an objection as set forth in paragraph 15 above, but does not file written notice of opting-out shall not be considered to have complied with the terms of the opt-out procedure and shall be bound by the Stipulation if approved by the Court.

## V.  THE COURT'S FINAL FAIRNESS HEARING

### 17.    Will there be a Court hearing about the Stipulation?

In its February 11, 2009 Order, the Court set a Final Fairness Hearing for June 15, 2009, beginning at 10:00 a.m., when the Court will consider whether to give final approval to the Stipulation.  The hearing will take place at the Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 E. Broad Street, Richmond, Virginia 23219.  The Court may choose to change the date and/or time of the hearing without further notice of any kind.  If you intend to attend the hearing, you should confirm the date and time by visiting the website at www.navyfederal.org/casesettlement/, where any changes to the date, time or location of the Final Fairness Hearing will be posted.

In ruling on the Stipulation, the Court will consider, among other things, whether to approve the Stipulation as fair, reasonable and adequate, whether to certify the Settlement Class on a final basis, and whether (and in what amount) to grant Plaintiffs' request for attorneys' fees and expenses for their time and effort related to this Lawsuit, and whether to award an incentive fee to the Plaintiff.  The Court will also consider any objections that have been made by Settlement Class Members. If the Court finds the Stipulation to be fair, reasonable and adequate, the Court will enter an order approving the Stipulation and certifying the Settlement Class and accompanying judgment.

You may choose to attend the hearing, either in person or through an attorney hired at your own expense, but your attendance is *not* required.  If you have made a written objection, either you or your attorney may appear at the Final Fairness Hearing to present the objection, but you are not required to do so. If you choose to attend the Final Fairness Hearing and intend to make a presentation to the Court, you — or your attorney — must file a notice of your intention to appear.  ***Again, a written notice of appearance must be <u>received</u> by the Court, and the attorneys identified in Paragraph 15, by the Objection Deadline.***

## VI. COUNSEL REPRESENTING SETTLEMENT CLASS MEMBERS

### 18.    Who are the attorneys representing Settlement Class Members?

The Court has appointed the law firm of Consumer Litigation Associates to represent the Settlement Class Members. Class Counsel will not charge any fees or expenses to Settlement Class Members under the terms of the Stipulation.  If you want to be represented by your own counsel, you may hire an attorney at your own expense.

### 19.    How will counsel for Settlement Class Members be paid?

Class Counsel will file an application with the Court for attorneys' fees and expenses in connection

with their representation of Settlement Class Members in this Lawsuit. Class Counsel will also file an application with the Court for a class representative incentive award for Keyann Gladden, the class representative in this case.  The Court will consider these applications at the Final Fairness Hearing described in Paragraph 17, and the Court will decide the amount of fees and expenses to be awarded to Class Counsel and the amount of any class representative incentive award.

After Plaintiff and Navy Federal agreed on all other material terms of the Stipulation, Class Counsel and Navy Federal negotiated the formula for calculating attorneys' fees and expenses and the amount of the class representative incentive award that Navy Federal will, subject to Court approval, pay to Class Counsel and the class representative respectively.  With respect to attorneys' fees and expenses, Class Counsel and the class representative agree not to seek as fees, costs, and expenses an amount in excess of $145,500 in the aggregate, and agree not to seek or accept any amount or combination of fees, costs, and expenses which in the aggregate amount exceeds that amount as full combined payment for all past and future services and expenses of Class Counsel, any referring counsel or associated counsel and any class representative incentive award.  Navy Federal agrees not to object to Class Counsel's application for fees, costs and expenses up to a maximum aggregate total of $145,500 and, subject to Court approval, will pay or cause to be paid such fees, costs and expenses as may be awarded by the Court, up to a maximum aggregate total of $145,500. With respect to the class representative incentive award, Class Counsel and the class representative agree not to seek as a class representative incentive award an amount in excess of $5,000.

## 20.     Do you need to hire your own attorney in connection with the Stipulation?

A Settlement Class Member does *not* need to hire his or her own attorney, but may choose to do so. If you decide to hire your own attorney, you will be responsible for paying any fees or expenses that he or she incurs.  If you do not hire your own attorney, you will be represented by Class Counsel. If you choose to be represented by Class Counsel, you will not incur any fees and expenses in connection with that representation, if the Stipulation is given final approval.

## VII. GETTING MORE INFORMATION

## 21.     Where can you get additional information?

This Notice Package summarizes the Stipulation.  More details are included within the Stipulation itself.  The Stipulation — along with a copy of the Release and other information about the Stipulation — can be obtained by visiting the website, www.navyfederal.org/casesettlement/.

If you wish to communicate with or obtain information directly from Class Counsel, you may do so by contacting the attorneys listed above.

You may also examine the Stipulation, Court orders, and the other papers filed in the Lawsuit at the Clerk's Office at the Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 E. Broad Street, Richmond, Virginia 23219.

---

DATED:_____, 2009.

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

# APPENDIX A — RELEASE

**The following is reproduced *verbatim* from Paragraph 21 of the Stipulation. The complete Stipulation is available at www.navyfederal.org/casesettlement/.**

21.     **Complete Release And Dismissal Of Claims**.  Plaintiff, on behalf of herself and the Settlement Class, by and through Class Counsel, shall do all things necessary under this Stipulation to obtain the entry of a final judgment.  Aside from the obligations created by this Stipulation, Navy Federal shall have no further liability to any Settlement Class Member arising out of Adverse Action Notices sent to any Settlement Class Member between May 21, 2006, and January 30, 2009, or relating to any of the matters alleged in Plaintiff's original Complaint and any subsequent amendments to the Complaint, it being acknowledged that Navy Federal is forever purchasing peace from the Settlement Class from all matters arising out of or relating to Plaintiff's Claims.  The release provided is more fully described below:

a.     Upon Final Approval, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, Plaintiff and all Settlement Class Members will be deemed to have released, remised and forever discharged all actual and potential claims, actions, rights of recovery, and causes of action of any kind, whether for damages or restitution, of any kind and in any amount, including but not limited to punitive damages, special damages, speculative damages, statutory damages, mental anguish, emotional distress, exemplary damages, consequential damages, costs, attorneys' fees, penalties, fines, injunctive or other equitable relief, or any other relief, remedy or right of action of any kind or nature, relating in any way to the content of the Adverse Action Notices, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that: (1) arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, and occurrences that were directly alleged, asserted, described, set forth, or referred to in the Lawsuit; or (2) are, were, or could have arisen out of or been related in any way to any alleged failure to comply with any law or the terms of the ECOA; or (3) are described in the definition of Plaintiff's Claims in this Stipulation or otherwise was a claim that was asserted by Plaintiff or any Settlement Class Member in the Lawsuit; or (4) are based in whole or in part upon acts by Navy Federal which comply with the terms of this Stipulation.

b.     With respect to the claims released in paragraph 21(a), Plaintiff and all Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any law of any state of the United States, federal law or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

c.     All of the foregoing in this Paragraph 21 shall define the "Released Claims" for purposes of this Stipulation.

d.     The failure of any Settlement Class Member to claim or obtain any relief made available under this Stipulation shall not affect the validity, scope, or enforcement of the releases herein, and all Settlement Class Members shall remain bound by said releases.  Navy Federal shall not be required to remit any additional consideration to any Settlement Class Members following or on account of such forfeiture by any Settlement Class Member.

e.      As part and parcel of this Stipulation, all Settlement Class Members will be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 14 above, and that the Court shall retain exclusive continuing jurisdiction to enforce said injunction.

f.      Plaintiff and all Settlement Class Members hereby expressly agree that all provisions of this paragraph together and separately constitute essential terms of this Stipulation.

## APPENDIX B -- KEEP FOR YOUR RECORDS

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT BY DOING NOTHING** | You will not receive cash as part of the settlement. Because of the limits on recovery under the law, any cash payment to you would likely be less than $1.00. Instead, you will receive the indirect benefit of the relief available to Navy and Marine service members and their families through the Navy Marine Corps Relief Society.<br><br>You also will be given the opportunity after the Final Approval of the settlement to receive a copy of your credit bureau report and review that report with trained counselors at Navy Federal.<br><br>You will have to give up your right to be part of any other lawsuit against the Defendant about the Notice. |
| **EXCLUDE YOURSELF** | Receive no benefit from the settlement.  This is the only option that allows you to start any other lawsuit against the Defendant about the impropriety of the Notice.  To do so you may need to retain counsel at your own expense. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the settlement. |

**If you elect to participate, you will need to take the following steps to obtain the relief available:**

1. Visit the Settlement Website, www.navyfederal.org/casesettlement/.
2. Review and follow the instructions on the Settlement Website for receiving a free copy of your credit report.
3. Review the materials on the Settlement Website made available by Navy Federal regarding best practices for maintaining good credit.
4. Review and follow the instructions on the Settlement Website stating how you can obtain counseling from trained professionals regarding your credit report.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE BY LETTER OR TELEPHONE FOR INFORMATION. ALSO, NAVY FEDERAL AND ITS EMPLOYEES ARE *NOT* PERMITTED TO PROVIDE ANY INFORMATION RELATING TO THE STIPULATION OR ANY CLAIMS YOU MAY HAVE. INSTEAD, ANY QUESTIONS SHOULD BE DIRECTED TO CLASS COUNSEL AT THE ADDRESSES STATED IN PARAGRAPH 15, OR BY E-MAIL ADDRESSED TO: nfcusettlement@clalegal.com**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| KEYANN GLADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:08-cv-304 (REP) |
| | ) | |
| | ) | |
| NAVY FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT, FINAL FAIRNESS HEARING AND RIGHT TO APPEAR

*YOU ARE NOT BEING SUED.  THIS IS NOT AN ATTORNEY'S SOLICITATION.*

**This notice is sent to you because the records of Navy Federal Credit Union show that it received a credit application from you between May 21, 2006 and January 30, 2009, and Navy Federal denied that application – either directly or through a car dealer.  In its denial letter to you, Navy Federal stated as the only reason for the denial that unspecified information in your credit bureau report did not meet Navy Federal's lending criteria.  The Plaintiff in this case sued alleging that this violated a Federal law – the Equal Credit Opportunity Act.  Navy Federal denied that it violated the law and is prepared to defend the content of its denial letter.  To avoid the expense and uncertainty of litigation, the parties then reached a proposed settlement of all such claims, including yours.  This notice tells you what rights and options you have in this matter.**

*PLEASE READ THIS NOTICE CAREFULLY, AS YOU ARE A CLASS MEMBER IN A LAWSUIT AND YOUR LEGAL RIGHTS MAY BE AFFECTED BY THE PROPOSED SETTLEMENT. THIS NOTICE ADVISES YOU OF IMPORTANT FACTS REGARDING A PROPOSED CLASS ACTION SETTLEMENT BETWEEN YOU AND OTHER MEMBERS, ON THE ONE HAND, AND NAVY FEDERAL ON THE OTHER HAND. THIS NOTICE EXPLAINS THE SETTLEMENT AND ADVISES YOU OF YOUR RIGHTS WITH RESPECT TO THE SETTLEMENT. THE STATEMENTS MADE IN THIS NOTICE ARE NOT FINDINGS OF THE COURT.*

**WHAT THIS NOTICE PACKAGE CONTAINS**

*CAPITALIZED WORDS AND PHRASES IN THIS NOTICE PACKAGE INDICATE TERMS THAT ARE SPECIALLY DEFINED IN THE STIPULATION OF SETTLEMENT, WHICH IS AVAILABLE AT WWW.NAVYFEDERAL.ORG/CASESETTLEMENT/.*

**I.    BASIC INFORMATION**                                                                          **PAGE**

    1.  Summary                                                                                      3
    2.  What is this Lawsuit about?                                                                 3
    3.  Why is this a class action?                                                                3
    4.  Why did you receive this Notice Package?                                                   3
    5.  What is the status of the Lawsuit?                                                         3
    6.  Will you have to give up anything if the Stipulation is given Final Approval?              4

**II.   SETTLEMENT BENEFITS**

    7.  What relief will be provided under the Stipulation?                                        4
    8.  Who will pay the costs of implementing and administering the Stipulation?                  5
    9.  How and when will the relief offered under the Stipulation be provided?                    5

**III.  LEGAL EFFECT OF THE SETTLEMENT**

    10.  What am I giving up as part of the settlement?                                           5
    11.  Can the parties change the terms of the settlement?                                      6
    12.  Does the Stipulation have any current legal effect?                                      6

**IV.   YOUR LEGAL RIGHTS AND OPTIONS**

    13.  What are your options as to the Stipulation?                                             6
    14.  If the Stipulation is given Final Approval, what must you do to receive relief?           6
    15.  What if you want to object to the proposed Stipulation?                                  7
    16.  What if you want to exclude yourself from the settlement?                                8

**V.    THE COURT'S FINAL FAIRNESS HEARING**

    17.  Will there be a Court hearing about the Stipulation?                                      8

**VI.   COUNSEL REPRESENTING SETTLEMENT CLASS MEMBERS**

    18.  Who are the attorneys representing Settlement Class Members?                              8
    19.  How will counsel for Settlement Class Members be paid?                                    8
    20.  Do you need to hire your own attorney in connection with the Stipulation?                 9

**VII.  GETTING MORE INFORMATION**

    21.  Where can you get additional information?                                                9

**APPENDIX A** ---- Release                                                                           10
**APPENDIX B** ---- Summary Of Your Legal Rights And Options In This Settlement                       12

# I.  BASIC INFORMATION

## 1.    Summary

**This is a proposed settlement in a class action lawsuit that could affect your rights.  Under this proposed settlement, neither you nor other class members will receive a cash payment.**

## 2.    What is this Lawsuit about?

This Lawsuit concerns the content of the notice that Navy Federal provides to individuals who apply for credit with Navy Federal and are denied.  Under the federal Equal Credit Opportunity Act ("ECOA"), Navy Federal is required to provide a declined credit applicant a statement of the specific reasons for the denial.  The Plaintiff in this lawsuit applied for credit with Navy Federal and Navy Federal denied her application.  Navy Federal sent her an Adverse Action Notice that stated that the reason for the denial was the existence of unspecified information in her credit bureau report.  Plaintiff contends that Navy Federal violated ECOA by failing to identify with sufficient specificity the reason for the denial.

Navy Federal denies the allegations made against it.  Navy Federal also maintains that it has fully complied with all requirements of ECOA and provided Plaintiff with an Adverse Action Notice containing numerous avenues to obtain the specific reasons for the denial of her application, including a free copy of her credit bureau report, a toll-free number to contact Navy Federal to obtain a full explanation of the decision, and a website link to obtain free credit counseling upon request.

## 3.    Why is this a Class Action?

In a class action, one or more persons or entities like you, called Class Representatives, sue on behalf of people who have similar claims.  All these people are a "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4.    Why did you receive this Notice Package?

You have received this Notice Package because Navy Federal's records indicate that you applied for consumer credit or credit cards with Navy Federal, either directly or through a car dealer, your application was denied, and Navy Federal sent you a letter between May 21, 2006, and January 30, 2009, stating as the only reason for denial the existence of unspecified information in your credit bureau report.  This makes you a member of the Settlement Class.

Under the Federal Rules of Civil Procedure and the Court's February 11, 2009 Order, the parties to the Stipulation are required to send this Notice Package.

If the Stipulation is given Final Approval, you and the other members of the Settlement Class will *automatically* receive certain prospective relief, but you and other members of the Settlement Class must take additional action to receive all of the prospective relief afforded by the Stipulation.  The relief offered under the Stipulation is described in detail below.  For a complete understanding of the Stipulation and its terms and requirements, you are encouraged to review a full copy of the Stipulation itself, a copy of which is available on the website created by the parties in this case: www.navyfederal.org/casesettlement/.

## 5.    What is the status of the Lawsuit?

The Plaintiff filed this Lawsuit on May 21, 2008.  Following litigation and discovery proceedings, Plaintiff and Navy Federal began good-faith attempts to negotiate a settlement.  Plaintiff and Navy

Federal reached an agreement and signed the Stipulation on January 30, 2009, which they presented to the Court for preliminary approval.  The Court preliminarily approved the Stipulation on February 11, 2009. A Final Fairness Hearing has been set by the Court to consider whether to give Final Approval to the Stipulation.

     If the Stipulation is given Final Approval, the Court will not make any determination as to the merits of the Plaintiffs' claims against Navy Federal, or Navy Federal's defenses to those claims.  Instead, the Lawsuit would be dismissed with prejudice, and the Stipulation would take effect.  This Notice Package does not imply that there has been or would be any finding of violation of the law or that any relief or recovery would be awarded against Navy Federal if the claims against it were not settled.  Nor does this Notice Package imply whether Navy Federal could have successfully defended the claims.  Both sides have agreed to the Stipulation to achieve an early and certain resolution and to provide specific and valuable benefits to Settlement Class Members.

**6.     Will you have to give up anything if the Stipulation is given Final Approval?**

     If the Stipulation is given Final Approval, you and all the other Settlement Class Members will release certain claims defined in the Stipulation as "Released Claims."  In general terms, Settlement Class Members will each release all of their claims against Navy Federal, and its affiliated persons and entities, that are related to the content of the Adverse Action Notice Navy Federal sent to you upon declining your application for credit.  If the Stipulation is given Final Approval, the claims that were or could have been asserted against Navy Federal or its affiliated persons and entities in the Lawsuit will also be dismissed with prejudice.  The scope and effect of the Release and dismissals provided for by the Stipulation are further discussed in Paragraph 11.  A complete copy of the Release itself is attached as Appendix A hereto.  A complete copy of the Stipulation is available at www.navyfederal.org/casesettlement/.

## II. SETTLEMENT BENEFITS

*PLEASE READ AND KEEP FOR YOUR RECORDS THE "SUMMARY OF YOUR RIGHTS" PAGE AT THE END OF THIS NOTICE.*

**7.     What relief will be provided under the Stipulation?**

     Because the recovery under the Equal Credit Opportunity Act is limited, there is a limited amount of money that is available under this settlement.  Payment to each class member would otherwise be less than $1.00 per class member after additional bank and mailing costs.  The parties, with the intervention of a Magistrate Judge and with the preliminary approval of the Court, have agreed to direct the limited monetary relief into a *Cy Pres* award to benefit the class through the Navy Marine Corps Relief Society.   This charitable organization will use the amount of the award, approximately $350,000.00, to fund small emergency loans for Navy and Marine service members and their families.

     The Stipulation also offers Settlement Class Members both prospective and retroactive relief for the claims made in the Lawsuit.  If given Final Approval, the Stipulation will provide all Settlement Class Members with prospective relief, in the form of an injunction, under which (a) Navy Federal shall certify that it has modified its program for providing Adverse Action Notices to applicants denied under the circumstances that Settlement Class members were denied so that such denied applicants are informed of up to four derogatory factors in their credit bureau report that affected the FICO score calculated by the credit bureau issuing the report, or otherwise affecting Navy Federal's decision to deny the credit application; (b) Navy Federal shall assist such Settlement Class member in obtaining a free copy of the member's credit bureau report; and (c) if requested by any member of the Settlement Class within 120 days of Final Approval, Navy Federal shall provide assistance in reviewing the member's credit bureau report as well as personal finance management counseling.

Finally, as described below, Navy Federal will pay certain additional amounts — the amount awarded to cover attorneys' fees and expenses for Class Counsel, the amount awarded to Plaintiff as a class representative incentive award, and the amount required to cover all administrative costs associated with administering the Stipulation (including the costs of providing this Notice Package to you)..

The United States District Court for the Eastern District of Virginia will retain exclusive continuing jurisdiction over all aspects of the Stipulation, the settlement created thereby, and the orders the Court issues.  It is your responsibility to monitor further developments in the Lawsuit.  Any changes to the Stipulation will be posted to the Settlement Website (located at www.navyfederal.org/casesettlement/) but no other form of additional notice of any such changes will be provided.  In addition, other important information concerning your rights under the Stipulation will be posted on the Settlement Website.

## 8.     Who will pay the costs of implementing and administering the Stipulation?

Navy Federal has agreed to pay all costs of implementing and administering the Stipulation, including the costs of printing and mailing, or for those who have elected to receive account statements via Navy Federal Online®, electronically transmitting, this Notice Package and setting up the Settlement Web site and e-mail address identified in this Notice Package for Settlement Class Members' questions. Payment of these costs will be in addition to the amounts that Navy Federal must pay as the Relief Payment under the Stipulation.

## 9.     How and when will the relief offered under the Stipulation be provided?

If Final Approval is given to the Stipulation, Navy Federal will make the Relief Payment to the Navy Marine Corps Relief Society within 60 days of Final Approval and provide the prospective relief described in Paragraph 19(a) of the Stipulation within 120 days of Final Approval.  You will have 120 days to request the additional prospective relief described in Paragraphs 19(b) and 19(c) of the Stipulation.

## III. LEGAL EFFECT OF THE SETTLEMENT

## 10.    What Am I Giving Up As Part Of The Settlement?

If the settlement becomes final, Class Members will be releasing the Defendant for all the claims described and identified in the Stipulation.  The Stipulation describes the released claims with specific descriptions, in necessarily accurate legal terminology, so read it carefully.  If the Court gives Final Approval to the Stipulation, the parties will seek entry of a Final Order and accompanying judgment that, among other things, will:

- Certify the Settlement Class for settlement purposes;
- Dismiss the Lawsuit with prejudice, meaning that no Settlement Class Member will be able to bring another lawsuit against Navy Federal based upon the claims that have been raised or that could have been raised in this Lawsuit, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 16, below;
- Incorporate the Release as part of the Final Order and accompanying judgment; and
- Permanently bar Settlement Class Members from filing or participating in any lawsuit or other legal action against Navy Federal arising from or relating to any and all claims that have been raised or that could have been raised in this Lawsuit, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 16, below.

If the Court gives Final Approval to the Stipulation, the Release reproduced as Appendix A hereto will be incorporated into the Court's Final Order and accompanying judgment, and all "Released Claims" as defined in the Stipulation will be deemed released effective as of the date of the Court's Final Order.  The

Stipulation fully describes the claims that Settlement Class Members will give up.  The full text of the Stipulation (and the text of the Release and certain relevant definitions) can be found at www.navyfederal.org/casesettlement/.  **YOU ARE ENCOURAGED TO REVIEW CAREFULLY THE FULL STIPULATION CONTAINED ON THIS WEB SITE, INCLUDING THE TERMS AND SCOPE OF THE RELEASE (REPRODUCED FROM THE STIPULATION AS APPENDIX A).**

**11.     Can the parties change the terms of the settlement?**

If the Stipulation is given Final Approval, thereafter Plaintiff and Navy Federal will not be able to change the terms of the Stipulation without further Court approval.

**12.     Does the Stipulation have any current legal effect?**

Pending the Court's decision on whether to grant Final Approval to the Stipulation, the Court has conditionally certified the settlement class as follows:

> **All individuals who applied for consumer credit products or credit cards from Navy Federal Credit Union, whose applications were denied and who received notice from Navy Federal Credit Union between May 21, 2006, and January 30, 2009, stating as the only reason for the denial of the credit application the existence of unspecified information in the member's credit bureau report**

Keyann Gladden is conditionally certified as representative of the Settlement Class defined above.  This conditional certification of the Settlement Class and Settlement Class representative is solely for purposes of effectuating the proposed Settlement.  If the Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Settlement Class representative shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Agreement might have asserted but for the Agreement.

## IV. YOUR LEGAL RIGHTS AND OPTIONS

**13.     What are your options as to the Stipulation?**

If you are within the definition of Settlement Class Member described in Paragraph 3, you will automatically be a Settlement Class Member upon final approval of the Stipulation by the Court.  If Final Approval occurs, you will not need to do anything to receive certain of the relief offered under the Stipulation.

You may object to any aspect of the Court's exercise of jurisdiction in this matter, or to any aspect or term of the Stipulation.  The procedures for objecting to the Stipulation are described in Paragraph 16.  Whether or not you submit an objection to the Stipulation, if the Court gives Final Approval to the Stipulation you will remain a member of the Settlement Class, you will be entitled to receive the relief offered under the Stipulation, and you will be bound by all aspects of the Stipulation and the Release contained therein.

**14.     If the Stipulation is given Final Approval, what must you do to receive relief?**

Upon Final Approval, all Settlement Class Members will be entitled to receive the relief described in Paragraph 6.  All Settlement Class Members will automatically receive the benefit of the prospective injunctive relief offered under Paragraph 19(a) of the Stipulation and the indirect benefit of Navy Federal's payment of money to the Navy Marine Corps Relief Society in an amount to be calculated in

accordance with the Paragraph 9(o) of the Stipulation. ***TO RECEIVE THE PROSPECTIVE RELIEF DESCRIBED IN PARAGRAPH 19(B) AND (C) OF THE STIPULATION, YOU MUST VISIT THE SETTLEMENT WEBSITE. IF YOU DO NOT CONTACT NAVY FEDERAL WITHIN 120 DAYS OF FINAL APPROVAL AND REQUEST THE RELIEF OFFERED IN PARAGRAPH 19(B) AND (C) OF THE STIPULATION, YOU MAY FORFEIT YOUR RIGHT TO THAT RELIEF.***

## 15.    What if you want to object to the proposed Stipulation?

If you are a Settlement Class Member (as described in Paragraph 3), you may object to any aspect of this case, any order heretofore entered by the Court, or any term of the Stipulation. Such objection must be in writing and must provide evidence of your membership in the Settlement Class.  The procedures for submitting written objections are set forth below.  ***A written objection (and any support for it) must be received*** by the Court and by the following attorneys no later than May 15, 2009:

**For the Court:**
Clerk of the Court
United States District Court for the
Eastern District of Virginia
701 E. Broad St.
Richmond, Virginia 23219

| **For Plaintiffs and the Settlement Class:** | **For Navy Federal:** |
|---|---|
| Leonard Bennett | George P. Sibley, III |
| Robin Abbott | Hunton & Williams LLP |
| Gary Abbott | Riverfront Plaza, East Tower |
| Consumer Litigation Associates | 951 E. Byrd Street |
| 12515 Warwick Blvd., Suite 100 | Richmond, Virginia 23219 |
| Newport News, Virginia 23606 | |

If you hire an attorney in connection with making an objection, that attorney must file with the Court and serve on the counsel identified above a notice of appearance. ***The notice of appearance must be received*** by the Court and the attorneys identified above, no later than the objection deadline.  Any objection must be filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set out in the Notice, no later than thirty (30) days prior to the Final Fairness Hearing. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

If a Settlement Class Member hires an attorney to represent him or her at the Final Fairness Hearing, he or she must do so at his or her own expense and the attorney must file a written notice of appearance with the Clerk of Court no later than thirty (30) days prior to the Final Fairness Hearing, identifying by name and current residence address the Settlement Class Member(s) on whose behalf he or she will appear.  No Settlement Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Settlement Class Member is also filed and served as provided above on or before thirty (30) days prior to the Final Fairness Hearing.  Only attorneys intending to participate in the Final Fairness Hearing or argue on behalf of objecting Settlement Class Members must file a written notice of intention to appear.

Any objection regarding or related to the Stipulation shall contain a caption or title that identifies it as "Objection to Class Settlement in Keyann Gladden v. Navy Federal Credit Union (3:08-cv-304

(REP))" and shall also contain the information sufficient to identify the objecting class member, as well as a clear and concise statement of the class member's objection, the facts supporting the objection, and the legal basis on which the objection is based.  If an objecting party chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

**16.     What if you want to exclude yourself from the settlement?**

Any Settlement Class Member who does not wish to participate in this settlement should write to Class Counsel and Defendant's Counsel stating an intention to "opt-out" of the class.  This written notice must be received by Class Counsel and Counsel for Defendant not later than thirty (30) days prior to the date set for the Final Fairness Hearing.  Any attempted opt-out by notice to the Clerk of the Court, the Court or any person other than the Class Counsel and Counsel for Defendant shall be of no effect.  Any objector who timely submits an objection as set forth in paragraph 15 above, but does not file written notice of opting-out shall not be considered to have complied with the terms of the opt-out procedure and shall be bound by the Stipulation if approved by the Court.

## V.  THE COURT'S FINAL FAIRNESS HEARING

**17.     Will there be a Court hearing about the Stipulation?**

In its February 11, 2009 Order, the Court set a Final Fairness Hearing for June 15, 2009, beginning at 10:00 a.m., when the Court will consider whether to give final approval to the Stipulation.  The hearing will take place at the Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 E. Broad Street, Richmond, Virginia 23219.  The Court may choose to change the date and/or time of the hearing without further notice of any kind.  If you intend to attend the hearing, you should confirm the date and time by visiting the website at www.navyfederal.org/casesettlement/, where any changes to the date, time or location of the Final Fairness Hearing will be posted.

In ruling on the Stipulation, the Court will consider, among other things, whether to approve the Stipulation as fair, reasonable and adequate, whether to certify the Settlement Class on a final basis, and whether (and in what amount) to grant Plaintiffs' request for attorneys' fees and expenses for their time and effort related to this Lawsuit, and whether to award an incentive fee to the Plaintiff.  The Court will also consider any objections that have been made by Settlement Class Members. If the Court finds the Stipulation to be fair, reasonable and adequate, the Court will enter an order approving the Stipulation and certifying the Settlement Class and accompanying judgment.

You may choose to attend the hearing, either in person or through an attorney hired at your own expense, but your attendance is *not* required.  If you have made a written objection, either you or your attorney may appear at the Final Fairness Hearing to present the objection, but you are not required to do so.  If you choose to attend the Final Fairness Hearing and intend to make a presentation to the Court, you — or your attorney — must file a notice of your intention to appear.  ***Again, a written notice of appearance must be <u>received</u> by the Court, and the attorneys identified in Paragraph 15, by the Objection Deadline.***

## VI. COUNSEL REPRESENTING SETTLEMENT CLASS MEMBERS

**18.     Who are the attorneys representing Settlement Class Members?**

The Court has appointed the law firm of Consumer Litigation Associates to represent the Settlement Class Members. Class Counsel will not charge any fees or expenses to Settlement Class Members under the terms of the Stipulation.  If you want to be represented by your own counsel, you may hire an attorney at your own expense.

**19.     How will counsel for Settlement Class Members be paid?**

Class Counsel will file an application with the Court for attorneys' fees and expenses in connection

with their representation of Settlement Class Members in this Lawsuit. Class Counsel will also file an application with the Court for a class representative incentive award for Keyann Gladden, the class representative in this case.  The Court will consider these applications at the Final Fairness Hearing described in Paragraph 17, and the Court will decide the amount of fees and expenses to be awarded to Class Counsel and the amount of any class representative incentive award.

After Plaintiff and Navy Federal agreed on all other material terms of the Stipulation, Class Counsel and Navy Federal negotiated the formula for calculating attorneys' fees and expenses and the amount of the class representative incentive award that Navy Federal will, subject to Court approval, pay to Class Counsel and the class representative respectively.  With respect to attorneys' fees and expenses, Class Counsel and the class representative agree not to seek as fees, costs, and expenses an amount in excess of $145,500 in the aggregate, and agree not to seek or accept any amount or combination of fees, costs, and expenses which in the aggregate amount exceeds that amount as full combined payment for all past and future services and expenses of Class Counsel, any referring counsel or associated counsel and any class representative incentive award.  Navy Federal agrees not to object to Class Counsel's application for fees, costs and expenses up to a maximum aggregate total of $145,500 and, subject to Court approval, will pay or cause to be paid such fees, costs and expenses as may be awarded by the Court, up to a maximum aggregate total of $145,500. With respect to the class representative incentive award, Class Counsel and the class representative agree not to seek as a class representative incentive award an amount in excess of $5,000.

## 20.    Do you need to hire your own attorney in connection with the Stipulation?

A Settlement Class Member does *not* need to hire his or her own attorney, but may choose to do so. If you decide to hire your own attorney, you will be responsible for paying any fees or expenses that he or she incurs.  If you do not hire your own attorney, you will be represented by Class Counsel. If you choose to be represented by Class Counsel, you will not incur any fees and expenses in connection with that representation, if the Stipulation is given final approval.

## VII. GETTING MORE INFORMATION

## 21.    Where can you get additional information?

This Notice Package summarizes the Stipulation.  More details are included within the Stipulation itself.  The Stipulation — along with a copy of the Release and other information about the Stipulation — can be obtained by visiting the website, www.navyfederal.org/casesettlement/.

If you wish to communicate with or obtain information directly from Class Counsel, you may do so by contacting the attorneys listed above.

You may also examine the Stipulation, Court orders, and the other papers filed in the Lawsuit at the Clerk's Office at the Spottswood W. Robinson III and Robert R. Merhige, Jr. Federal Courthouse, 701 E. Broad Street, Richmond, Virginia 23219.

———————————————————

DATED:_____, 2009.

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

# APPENDIX A — RELEASE

**The following is reproduced *verbatim* from Paragraph 21 of the Stipulation. The complete Stipulation is available at www.navyfederal.org/casesettlement/.**

21.   **Complete Release And Dismissal Of Claims**.  Plaintiff, on behalf of herself and the Settlement Class, by and through Class Counsel, shall do all things necessary under this Stipulation to obtain the entry of a final judgment.  Aside from the obligations created by this Stipulation, Navy Federal shall have no further liability to any Settlement Class Member arising out of Adverse Action Notices sent to any Settlement Class Member between May 21, 2006, and January 30, 2009, or relating to any of the matters alleged in Plaintiff's original Complaint and any subsequent amendments to the Complaint, it being acknowledged that Navy Federal is forever purchasing peace from the Settlement Class from all matters arising out of or relating to Plaintiff's Claims.   The release provided is more fully described below:

a.   Upon Final Approval, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, Plaintiff and all Settlement Class Members will be deemed to have released, remised and forever discharged all actual and potential claims, actions, rights of recovery, and causes of action of any kind, whether for damages or restitution, of any kind and in any amount, including but not limited to punitive damages, special damages, speculative damages, statutory damages, mental anguish, emotional distress, exemplary damages, consequential damages, costs, attorneys' fees, penalties, fines, injunctive or other equitable relief, or any other relief, remedy or right of action of any kind or nature, relating in any way to the content of the Adverse Action Notices, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that: (1) arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, and occurrences that were directly alleged, asserted, described, set forth, or referred to in the Lawsuit; or (2) are, were, or could have arisen out of or been related in any way to any alleged failure to comply with any law or the terms of the ECOA; or (3) are described in the definition of Plaintiff's Claims in this Stipulation or otherwise was a claim that was asserted by Plaintiff or any Settlement Class Member in the Lawsuit; or (4) are based in whole or in part upon acts by Navy Federal which comply with the terms of this Stipulation.

b.   With respect to the claims released in paragraph 21(a), Plaintiff and all Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any law of any state of the United States, federal law or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

c.   All of the foregoing in this Paragraph 21 shall define the "Released Claims" for purposes of this Stipulation.

d.   The failure of any Settlement Class Member to claim or obtain any relief made available under this Stipulation shall not affect the validity, scope, or enforcement of the releases herein, and all Settlement Class Members shall remain bound by said releases.  Navy Federal shall not be required to remit any additional consideration to any Settlement Class Members following or on account of such forfeiture by any Settlement Class Member.

       e.      As part and parcel of this Stipulation, all Settlement Class Members will be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims, unless a Class Member submits a valid and timely request for exclusion as set out in Paragraph 14 above, and that the Court shall retain exclusive continuing jurisdiction to enforce said injunction.

       f.      Plaintiff and all Settlement Class Members hereby expressly agree that all provisions of this paragraph together and separately constitute essential terms of this Stipulation.

**APPENDIX B -- KEEP FOR YOUR RECORDS**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **PARTICIPATE IN THE SETTLEMENT BY DOING NOTHING** | You will not receive cash as part of the settlement. Because of the limits on recovery under the law, any cash payment to you would likely be less than $1.00. Instead, you will receive the indirect benefit of the relief available to Navy and Marine service members and their families through the Navy Marine Corps Relief Society. You also will be given the opportunity after the Final Approval of the settlement to receive a copy of your credit bureau report and review that report with trained counselors at Navy Federal. You will have to give up your right to be part of any other lawsuit against the Defendant about the Notice. |
| **EXCLUDE YOURSELF** | Receive no benefit from the settlement.  This is the only option that allows you to start any other lawsuit against the Defendant about the impropriety of the Notice.  To do so you may need to retain counsel at your own expense. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the settlement. |

**If you elect to participate, you will need to take the following steps to obtain the relief available:**

1.   Visit the Settlement Website, www.navyfederal.org/casesettlement/.
2.   Review and follow the instructions on the Settlement Website for receiving a free copy of your credit report.
3.   Review the materials on the Settlement Website made available by Navy Federal regarding best practices for maintaining good credit.
4.   Review and follow the instructions on the Settlement Website stating how you can obtain counseling from trained professionals regarding your credit report.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE BY LETTER OR TELEPHONE FOR INFORMATION. ALSO, NAVY FEDERAL AND ITS EMPLOYEES ARE *NOT* PERMITTED TO PROVIDE ANY INFORMATION RELATING TO THE STIPULATION OR ANY CLAIMS YOU MAY HAVE. INSTEAD, ANY QUESTIONS SHOULD BE DIRECTED TO CLASS COUNSEL AT THE ADDRESSES STATED IN PARAGRAPH 15, OR BY E-MAIL ADDRESSED TO: nfcusettlement@clalegal.com**

69899.000014 EMF_US 26833380v3